# BINGHAM

Beth I.Z. Boland
Direct Phone: 617.951.8143
Direct Fax:     617.428.6444
beth.boland@bingham.com

June 14, 2011

**By ECF**

The Honorable George A. O'Toole, Jr.
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way – Suite 2300
Boston, MA 02210

Re: *Federal Home Loan Bank of Boston v. Ally Financial Inc., et al.*
    **Civil Action No. 1:11-cv-10952**

Dear Judge O'Toole:

We represent the JP Morgan Defendants[1] and write on behalf of all Defendants in the above-titled action in response to the Unopposed Motion for Leave to File Memorandum in Support of Motion to Remand in Excess of Page Limit submitted by Plaintiff Federal Home Loan Bank of Boston ("FHLB") on June 10, 2011 (the "Page Limit Motion").

In its motion, FHLB seeks leave to file a brief in excess of twenty pages in support of its anticipated motion to remand this action and another action, titled *Federal Home Loan Bank of Boston v. Franks et al.*, No. 1:11-cv-10924-GAO (the "*Franks* Action"). While the Defendants do not oppose Plaintiff's requested page limit extension, we oppose Plaintiff's unilateral attempt to effectively consolidate the two separate actions by treating them as one defined "Action" for purposes of both the instant motion and the anticipated motion to remand.

First, these cases were removed separately by separate defendants, who removed different claims asserted in the initial state court action at different times. On May 23, 2011, individual defendants Lana Franks, Richard S. Fuld, Jr., Edward Grieb, Richard McKinney, Christopher O'Meara, Kristine Smith, James J. Sullivan, Samir Tabet and Mark Zusy (the "Individual Lehman Defendants") filed a Notice of Removal seeking to remove specifically the claims *against only them* in the complaint filed in state court on the grounds that the case was related to the Lehman Brothers bankruptcy action currently pending in SDNY. These individual defendants did not remove on any other basis. *See*

---

[1] Bear Stearns Asset Backed Securities I, LLC, EMC Mortgage Corporation, J.P. Morgan Acceptance Corporation I, J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Securities, LLC (f/k/a Bear, Stearns & Co. Inc. and J.P. Morgan Securities, Inc.), JPMorgan Chase & Co., JPMorgan Securities Holdings, LLC, Structured Asset Mortgage Investments II, Inc., The Bear Stearns Companies, LLC (f/k/a The Bear Stearns Companies Inc.), and WaMu Capital Corp.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726

T +1.617.951.8000
F +1.617.951.8736
bingham.com

A/74317539.6

The Honorable George O'Toole
June 14, 2011
Page 2

No. 1:11-cv-10924, Dkt No. 1.[2] Upon the filing of the Notice of Removal, the *Franks* Action was assigned docket number 1:11-cv-10924.[3]

On May 26, 2011, the JP Morgan Defendants filed a Notice of Removal, removing the claims against the *remaining* defendants on grounds that the action is related to at least twenty-one separate bankruptcy proceedings pending in various jurisdictions, as well as removing the entire action on grounds that Plaintiff's federal charter confers original jurisdiction on this Court. *See* 1:11-cv-10952, Dkt No. 1. The action was then assigned a separate docket number 1:11-cv-10952 (the "Remaining Defendants Action"), and designated as a related action to the *Franks* Action. The remaining defendants have filed notices of joinder in the removal by the JP Morgan Defendants.

The claims against the Individual Lehman Defendants differ from those against the other defendants; they relate to different securitizations, that are subject to different offering documents, are backed by different mortgage loans and have different terms and risk profiles. The only relevant common element of all the claims is that they relate to mortgage-backed securities purchased by FHLB.

It is well-settled law in this Circuit that a plaintiff may not bring together in a single action different, transactionally-unrelated securities claims. *See Abdullah v. ACandS, Inc.*, 30 F.3d 264, 268 & n.5 (1st Cir. 1994) (holding that a plaintiff cannot litigate different claims in the same case where those claims fail to satisfy the same "transaction or occurrence" test). Where, as here, claims against different originators, issuers, sponsors, depositors, underwriters and rating agencies are based on separately negotiated prospectuses issued at different times, those claims must be litigated separately rather than together. *See Michaels Bldg. Co. v. Ameritrust Co.*, N.A., 848 F.2d 674, 682 (6th Cir. 1988) (finding misjoinder where a plaintiff attempted to bring in a single action claims arising out of separate transactions "involv[ing] different banks, different contracts, and different terms"); *see also In re Vioxx Prods. Liab. Litig.*, No. 08-1633, 2008 WL 4681368, at *8 (E.D. La. Oct. 21, 2008) (finding misjoinder because each plaintiff had a "separately negotiated" insurance policy from which the claims arose).

Because of the stark differences between the defendant groups who removed independently, the two federal actions are now proceeding on separate tracks. The

---

[2] This approach comports with 28 U.S.C. §1452(a) ("A party may remove any *claim or cause of action* in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.") (emphasis added) and 28 U.S.C. § 1441(a) (". . . any *civil action* brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed . . . .") (emphasis added).

[3] On May 25, 2011, Individual Defendant Barry J. O'Brien filed a notice of joinder in the Individual Lehman Defendants' Notice of Removal.

The Honorable George O'Toole
June 14, 2011
Page 3

Individual Lehman Defendants have filed a motion before the Judicial Panel on Multi-District Litigation ("JPML") to have the *Franks* Action transferred to the Southern District of New York and coordinated with numerous other Lehman securities and mortgage-backed securities actions. They have also filed a motion before this Court for a stay of the *Franks* Action pending a decision by the JPML on their transfer motion. *See* Civil Action No. 11-cv-10924-GAO, Dkt Nos. 18, 19, 20. By contrast, the Defendants have not yet determined whether they intend to seek a transfer, and have not requested any stay.

By treating the two separate actions as one for purposes of its Page Limit Motion and its impending remand motion, Plaintiff has by fiat sought to consolidate the two. As such, while the Defendants do not oppose Plaintiff's requested page limit extension, we do oppose Plaintiff's procedural gambit reflected in the Page Limit Motion.

Respectfully submitted,

*Beth Boland*

Beth I.Z. Boland

cc:   Counsel of Record (by ECF)