LAW OFFICES OF

# KELLER ROHRBACK L.L.P.

LAURIE B. ASHTON ①⑤❺❷❻
IAN S. BIRK
JAMES A. BLOOM ①❷
STEPHEN R. BOATWRIGHT ①❷
KAREN E. BOXX ❻
GRETCHEN FREEMAN CAPPIO
T. DAVID COPLEY ③
ALICIA M. CORBETT ①❷
ROB J. CRICHTON ❻
CHLOETHIEL W. DEWEESE
MAUREEN M. FALECKI ④
JULI FARRIS ④❻
RAYMOND J. FARROW
ERIC J. FIERRO ①❷
GLEN P. GARRISON ⑥
LAURA R. GERBER
MATTHEW M. GEREND
GARY A. GOTTO ①❷❻

BENJAMIN B. GOULD ②❻❷
GARY D. GREENWALD ①❻❷
MARK A. GRIFFIN ③
AMY N.L. HANSON ❻
IRENE M. HECHT
SCOTT C. HENDERSON
MICHAEL G. HOWARD
SHARON T. HRITZ ②❷
AMY E. HUGHES
DEAN N. KAWAMOTO ②❻❷
RON KILGARD ①❻❷❻
SUSAN A. KIM ④❻
SARAH H. KIMBERLY
DAVID J. KO
BENJAMIN J. LANTZ
CARI CAMPEN LAUFENBERG
ELIZABETH A. LELAND
TANA LIN ⑦⑨❻

DEREK W. LOESER
RYAN MCDEVITT
JOHN MELLEN ①
GRETCHEN S. OBRIST
ROBERT S. OVER ⑧❻
AMY PHILLIPS
DAVID S. PREMINGER ⑧❷
ERIN M. RILEY ❻
ISAAC RUIZ
DAVID J. RUSSELL
MARK D. SAMSON ①❻❷❻
LYNN LINCOLN SARKO ❻❻
WILLIAM C. SMART
THOMAS A. STERKEN
KARIN B. SWOPE
HAVILA C. UNREIN
MARGARET E. WETHERALD ❷
HARRY WILLIAMS, IV ❻

AMY WILLIAMS-DERRY
MICHAEL WOERNER
BENSON D. WONG
DIANA M. ZOTTMAN

① ADMITTED IN ARIZONA
② ADMITTED IN CALIFORNIA
③ ALSO ADMITTED IN ARIZONA
④ ALSO ADMITTED IN CALIFORNIA
⑤ ALSO ADMITTED IN COLORADO
⑥ ALSO ADMITTED IN IDAHO
⑦ ALSO ADMITTED IN ILLINOIS
⑧ ALSO ADMITTED IN MARYLAND
⑨ ALSO ADMITTED IN MICHIGAN
⑩ ADMITTED IN NEW YORK
❶ ALSO ADMITTED IN NEW YORK
❷ ALSO ADMITTED IN OREGON
❸ ALSO ADMITTED IN OHIO
❹ ALSO ADMITTED IN TEXAS
❺ ALSO ADMITTED IN WASHINGTON, D.C
❻ ALSO ADMITTED IN WISCONSIN
❼ NOT ADMITTED IN WASHINGTON
❽ OF COUNSEL

June 14, 2011

**BY ECF**

The Honorable George A. O'Toole, Jr.
United States District Court
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 2300
Boston, MA  0221

      Re:    *Federal Home Loan Bank of Boston v. Ally Financial Inc., et al.*
             Case Nos. 1:11-cv-10924-GAO and 1:11-cv-10952-GAO

Dear Judge O'Toole:

      The letter this Court received today from the JP Morgan Defendants flatly misrepresents the Complaint that the Federal Home Loan Bank of Boston ("Bank") filed in the Superior Court of Massachusetts. It also levels accusations at the Bank that are unfounded, and perhaps better directed at the JP Morgan Defendants themselves. In light of the JP Morgan Defendants' misstatements, the Bank respectfully requests permission to submit this brief response.

      The JP Morgan Defendants contend that the Bank asserts claims against the Lehman Defendants that are transactionally distinct from the claims against the remaining defendants, but this is not the case. Much of the Bank's Complaint is devoted to allegations and counts against the credit rating agencies—Fitch, Inc., the Moody's Defendants, and the Standard & Poor's Defendants—that assigned ratings to the securities at issue in this case. *See* Compl. ¶¶ 4, 7-8, 13(c), 132-36, 182-87, 643-95, 772-77, 843-82. The Moody's and Standard & Poor's Defendants, which joined in the JP Morgan Defendants' but not the Lehman Defendants' removal, rated the four securities that the Lehman Defendants cite in their removal papers.[1] The claims involving the purchase of those four securities—claims asserted against *both* the Lehman

---

[1] *See id.* ¶ 844 at 349; *see also* Case No. 11-10924, Notice of Removal (Dkt. 1) ¶ 3 (listing Lehman securities); Case No. 11-10952, Dkt. Nos. 5 and 49 (Notices of Consent in JP Morgan Defendants' removal filed by Standard & Poor's, and Moody's). The Fitch, Moody's, and Standard & Poor's Defendants also rated the remaining 111 PLMBS at issue in the Action. *See, e.g.*, Compl. ¶ 777.

The Honorable George A. O'Toole, Jr.
June 14, 2011
Page 2

Defendants *and* against the Moody's and Standard & Poor's Defendants—unquestionably have a transactional unity. Fed. R. Civ. P. 20(a)(2)(A). Further, the allegations against the credit rating agencies involve the abandonment of underwriting guidelines by originators, *e.g.*, Compl. ¶¶ 645-51, an issue that will also be important to the Bank's claims against the Lehman Defendants, *id.* ¶¶ 717-28. Fed. R. Civ. P. 20(a)(2)(B). The Bank's claims against the Lehman Defendants cannot be severed from the rest of the case.

The JP Morgan Defendants also boldly accuse the Bank of trying "unilaterally"—presumably they mean "extrajudicially"—to consolidate what are now two separate actions. The parties who have acted without the sanction of a court order, however, are the JP Morgan Defendants, who commenced a separate action in federal court rather than filing their removal papers under the already existing docket created by the Lehman Defendants. This kind of severance-by-removal is illegitimate. If the JP Morgan Defendants wish to sever, the Rules create a procedure for them to do so: they may move to sever. *See* Fed. R. Civ. P. 21. A party cannot use 28 U.S.C. § 1452, the bankruptcy removal statute, to circumvent Rule 21.

If state court defendants could use § 1452 to sever themselves from a multi-defendant action, chaos would be the result. Defendants would then be allowed to take a unitary state court action and create dozens of identical federal cases simply by removal. Here, for example, the Defendants could create ninety identical federal cases without having to demonstrate misjoinder. Such a result would do little to promote comity between federal and state courts, and even less to advance judicial efficiency.

Plaintiff is prepared to file a single Motion to Remand once it is given leave.[2] The motion will explain why this Court lacks subject matter jurisdiction over this action, and request remand of the Bank's single action to state court.

In the meantime, Plaintiff asks this Court to take Defendants' assertions about this case—and about the applicable law—with a grain of salt.

Respectfully submitted,

*Lynn Lincoln Sarko — by AJD*
Lynn Lincoln Sarko

cc:   All Counsel of Record in Case No. 10952 (via ECF)
      All Counsel of Record in Case No. 10924 (via US Mail)

---

[2] Plaintiff's Unopposed Motion for Leave to File Memorandum in Support of Motion to Remand in Excess of Page Limit was submitted via ECF on June 10, 2011. *See* Case No. 10924, Dkt. 21; Case No. 10952, Dkt. 98. As reiterated in the JP Morgan Defendants' letter, the Motion is unopposed.