# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF BOSTON,<br><br>                Plaintiff,<br>    v.<br><br>ALLY FINANCIAL, INC. F/K/A GMAC LLC; BANC OF AMERICA FUNDING CORPORATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; BARCLAYS CAPITAL INC.; BCAP LLC; BEAR STEARNS ASSET BACKED SECURITIES I LLC; CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE, NATIONAL ASSOCIATION; CHEVY CHASE FUNDING LLC; CITICORP MORTGAGE SECURITIES, INC.; CITIGROUP FINANCIAL PRODUCTS, INC.; CITIGROUP GLOBAL MARKETS INC.; CITIGROUP GLOBAL MARKETS REALTY CORP.; CITIGROUP INC.; CITIGROUP MORTGAGE LOAN TRUST INC.; CITIMORTGAGE, INC.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE SECURITIES CORP.; CREDIT SUISSE (USA), INC.; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.; CREDIT SUISSE HOLDINGS (USA), INC.; CREDIT SUISSE SECURITIES (USA) LLC; CWALT, INC.; CWMBS, INC.; DB STRUCTURED PRODUCTS, INC.; DB U.S. FINANCIAL MARKET HOLDING CORPORATION; DEUTSCHE ALT-A SECURITIES, INC.; DEUTSCHE BANK SECURITIES INC.; DLJ MORTGAGE CAPITAL, INC.; EMC MORTGAGE CORPORATION; FITCH, INC.; GMAC MORTGAGE GROUP LLC F/K/A GMAC MORTGAGE GROUP, INC.; GOLDMAN, SACHS & CO.; IMH ASSETS | Civil Action No. 11-10952-GAO<br><br>**SUPPLEMENTAL NOTICE OF REMOVAL**<br><br><br><br>*[caption continued on next page]* |

CORP.; IMPAC FUNDING CORPORATION; IMPAC MORTGAGE HOLDINGS, INC.; IMPAC SECURED ASSETS CORP.; J.P. MORGAN ACCEPTANCE CORPORATION I; J.P. MORGAN MORTGAGE ACQUISITION CORP.; J.P. MORGAN SECURITIES LLC F/K/A BEAR, STEARNS & CO. INC. AND J.P. MORGAN SECURITIES INC.; JPMORGAN CHASE & CO.; JPMORGAN SECURITIES HOLDINGS LLC; MERRILL LYNCH & CO., INC.; MERRILL LYNCH MORTGAGE INVESTORS, INC.; MERRILL LYNCH MORTGAGE LENDING, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MOODY'S CORPORATION; MOODY'S INVESTORS SERVICE, INC.; MORGAN STANLEY; MORGAN STANLEY & CO. INC.; MORGAN STANLEY CAPITAL I INC.; MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC; MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.; MORTGAGEIT SECURITIES CORP.; MORTGAGEIT, INC.; NOMURA ASSET ACCEPTANCE CORPORATION; NOMURA CREDIT & CAPITAL, INC.; NOMURA HOLDING AMERICA, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; RBS ACCEPTANCE INC. F/K/A GREENWICH CAPITAL ACCEPTANCE, INC.; RBS FINANCIAL PRODUCTS INC. F/K/A GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.; RBS HOLDINGS USA INC. F/K/A GREENWICH CAPITAL HOLDINGS, INC.; RBS SECURITIES INC. F/K/A GREENWICH CAPITAL MARKETS, INC.; RESIDENTIAL ACCREDIT LOANS, INC.; RESIDENTIAL FUNDING COMPANY, LLC F/K/A RESIDENTIAL FUNDING CORPORATION; SANDLER O'NEILL + PARTNERS, L.P.; STANDARD & POOR'S FINANCIAL SERVICES LLC;

*[caption continued on next page]*

| |
|---|
| STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; THE BEAR STEARNS COMPANIES LLC F/K/A THE BEAR STEARNS COMPANIES INC.; THE MCGRAW-HILL COMPANIES, INC.; UBS AMERICAS INC.; UBS REAL ESTATE SECURITIES INC.; UBS SECURITIES LLC; WAMU CAPITAL CORP.; WELLS FARGO & COMPANY; WELLS FARGO ASSET SECURITIES CORPORATION; WELLS FARGO BANK, NATIONAL ASSOCIATION; and DEFENDANTS JOHN DOE 1-50,<br><br>                            Defendants. |

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

        PLEASE TAKE NOTICE THAT Defendants Bear Stearns Asset Backed Securities I, LLC, EMC Mortgage Corporation, J.P. Morgan Acceptance Corporation I, J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Securities, LLC (f/k/a Bear, Stearns & Co. Inc. and J.P. Morgan Securities, Inc.), JPMorgan Chase & Co., JPMorgan Securities Holdings, LLC, Structured Asset Mortgage Investments II, Inc., The Bear Stearns Companies, LLC (f/k/a The Bear Stearns Companies Inc.), and WaMu Capital Corp. (collectively, the "Removing Defendants"), hereby supplement their previously filed Notice of Removal, filed May 26, 2011, removing this action from the Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.[1] The supplemental basis for removal is the Edge Act, 12 U.S.C. §§ 611 *et seq*. As supplemental grounds for removal, the

---

[1] The Removing Defendants appear specially for the purpose of removal only. They reserve all defenses as to jurisdiction, service, or otherwise that may be available in this action.

Removing Defendants state as follows:

## SUMMARY

1. Defendants may properly remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. The May 26, 2011 Notice of Removal stated that this Court has original jurisdiction over this matter pursuant to the charter of the Plaintiff Federal Home Loan Bank of Boston ("Plaintiff" or "the Bank"), 12 U.S.C. § 1432(a), and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1441(a).

3. The May 26, 2011 Notice of Removal further identified 28 U.S.C. §§ 1334(b) and 1452(a) as grounds for original jurisdiction because this action is "related to" ongoing bankruptcy proceedings, and all claims and causes of action in this matter may be removed to this Court under 28 U.S.C. §§ 1441 and/or 1452.

4. In addition to the foregoing, as asserted below, this Court has original jurisdiction over this matter pursuant to the Edge Act, 12 U.S.C. §§ 611 *et seq.*, because a number of parties are corporations organized under the laws of the United States and the Plaintiff's claims "aris[e] out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries. . . ." 12 U.S.C. § 632.

## PROCEDURAL HISTORY AND BACKGROUND

5. On or about April 20, 2011, Plaintiff filed a complaint (the "Complaint") in the Superior Court of the Commonwealth of Massachusetts (the "State Court") entitled

"*Federal Home Loan Bank of Boston v. Ally Financial, Inc. et al.*," Civil Action No. 11-1533-BLS1 (the "State Court Action").

6. On April 28, 2011, and thereafter, Plaintiff served the Complaint on the Removing Defendants. In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings and orders served upon the Removing Defendants were attached to the May 26, 2011 Notice of Removal as Exhibit A.

7. In the Complaint, Plaintiff alleges that it purchased approximately 115 residential mortgage-backed securities ("RMBS") issued or underwritten by various defendants. Residential home mortgage loans provide the collateral for each of the RMBS at issue, such that mortgage payments made by thousands of homeowners back the RMBS at issue in this case. Plaintiff alleges that Defendants made material untrue statements and omissions in connection with the sale of RMBS to the Plaintiff. The allegations center on disclosures concerning the lending practices of originators of the mortgage loans that provide the collateral of the RMBS.

8. A number of the parties are national banking corporations organized under the laws of the United States, including Plaintiff Federal Home Loan Bank of Boston itself, as well as Defendants Wells Fargo Bank, N.A., Bank of America, N.A., and Capital One, N.A.

9. Additionally, some of the loans underlying the RMBS purchased by Plaintiff were originated in Puerto Rico, a dependency of the United States.

10. Many of the Defendants are either wholly-owned direct or indirect subsidiaries of foreign financial services companies, or are domestic limited liability corporations ("LLCs") with members that are foreign financial services companies. In addition, at least 23 Certificates were issued as part of securitizations that included swap features with foreign counterparties.

11. Plaintiff purports to bring claims against the Removing Defendants under the Massachusetts Uniform Securities Act, Mass. Gen. Laws c. 110A § 410, under the state Consumer Protection Act, Mass. Gen. Laws c. 93A § 11, and under the common law, based on alleged material untrue statements and omissions in connection with the sale of the RMBS to the Plaintiff. Paragraphs 45-49, 85-89 and 127 of the Complaint, and Appendices XI, XII, XIII, and XIV identify the offerings alleged to be at issue in the claims against the Removing Defendants.

12. The Removing Defendants deny that they have any liability whatsoever to Plaintiff.

13. The Removing Defendants' time to respond to the summons and complaint has not expired and none of the Removing Defendants has served or filed an answer, moved to dismiss, or otherwise responded to the Complaint.

14. On May 26, 2011, the Removing Defendants filed a Notice of Removal. (Dkt. No. 1). The remaining Defendants in the action joined in or assented to the Notice of Removal. (Dkt. Nos. 3, 5, 6, 8, 10, 15, 17, 21, 25, 27, 34, 36, 39, 43, 49, 50, 56, 60, 62).

15. On June 22, 2011, Plaintiff filed a Motion to Remand to state court. (Dkt. No. 113). The motion is fully briefed and this Court held oral argument on October 12, 2011.

16. No motions or other proceedings in this action are pending in the State Court.

17. This Supplemental Notice of Removal is timely because the Edge Act permits removal "at any time before the trial." *See* 12 U.S.C. § 632. In addition, no more than thirty days have expired since the United States District Court for the Southern District of New York issued an opinion and order holding that the Edge Act conferred federal jurisdiction in litigation involving RMBS where, as here, some of the mortgage loans backing the RMBS were

originated in U.S. territories and some of the defendants are subsidiaries of foreign banks. *See Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, No. 11 Civ. 6212, 2011 WL 5022716 (S.D.N.Y. Oct. 20, 2011) ("*AIG*").

## SUPPLEMENTAL GROUND FOR REMOVAL

**The Edge Act Confers Original Jurisdiction**

18. The Edge Act provides for original jurisdiction in United States District Courts for civil litigation involving foreign financial institutions or transactions arising from foreign banking. Specifically, the relevant provision provides:

> [A]ll suits of a civil nature at common law or in equity to which ***any corporation organized under the laws of the United States shall be a party***, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, ***shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits***. . . .

12 U.S.C. § 632 (emphasis added).

19. As in *AIG*, the Edge Act confers federal jurisdiction over the Bank's claims here because: (1) the claims arise out of "transactions involving international or foreign banking" activities (*e.g.*, out of those RMBS which include loans originated in Puerto Rico), and (2) the claims arise out of "other international or foreign financial operations" (*i.e.*, out of the sale of securities involving international financial service entities). 12 U.S.C. § 632.

20. The broad language of Section 632 requires that the federally-chartered bank be "any . . . party" to a suit arising from a transaction involving international banking or other international or foreign financial operations. 12 U.S.C. § 632. Four federally-chartered entities – including the Bank itself – are parties to this action. Defendants Wells Fargo Bank, N.A., Bank of America, N.A., and Capital One, N.A are federally-chartered.

21. The origination of mortgage loans in Puerto Rico constitutes "banking in a dependency or insular possession of the United States." *See, e.g., Burgos v. Citibank, N.A.,* 432 F.3d 46, 47 n.l, 49 (1st Cir. 2005) ("Section 632 applies to banking transactions in Puerto Rico," such as "mortgage loan agreements"); *AIG*, 2011 WL 5022716, at *2 ("lending on a property in a jurisdiction constitutes banking there"). At least two of the Certificates purchased by the Bank (CMALT 2007-A4 1A7 and TMTS 2007-6ALT A1) included a total of nine mortgages originated in connection with real estate located in Puerto Rico. This is sufficient to satisfy the requirements of Section 632. *Id.*; *Pinto v. Bank One Corp.*, No. 02 Civ. 8477, 2003 WL 21297300, at *3 (S.D.N.Y. June 3, 2003).

22. The sale of securities to American investors by foreign entities for the purpose of raising capital is considered an "international financial operation" under the Edge Act. *See Bank of Am. Corp., v. Lemgruber*, 385 F. Supp. 2d 200, 215 n.13 (S.D.N.Y. 2005). This prong is satisfied here as well. Many of the Defendants are either wholly-owned direct or indirect subsidiaries of foreign financial services companies, or are domestic LLCs with members that are foreign financial services companies. These foreign-affiliated Defendants were involved in the origination, securitization, underwriting, and/or sale of almost half of the Certificates purchased by the Bank. In addition, at least 23 Certificates were issued as part of securitizations that included interest rate swaps with foreign counterparties.

23. "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." *Lemgruber*, 385 F. Supp. 2d at 214 (emphasis in original) (internal quotation marks and citation omitted). Thus, federal courts "routinely" extend federal jurisdiction on the basis of Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and

"even though the international or foreign banking activity was not central to the case." *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340-41 (S.D.N.Y. 1996) (collecting cases).

## OTHER PROCEDURAL REQUIREMENTS

24. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Removing Defendants in the state court action were filed with the Court with the May 26, 2011 Notice of Removal, which the Removing Defendants incorporate into the Supplemental Notice of Removal by reference. Therefore, the Court has all process, pleadings, and orders from the state court action.

25. Promptly upon the filing of this Supplemental Notice of Removal, written notice of this Supplemental Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule (d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

26. Concurrently with the filing of this Supplemental Notice of Removal, the Removing Defendants are filing a Notification of Filing of Supplemental Notice of Removal with the clerk of the Superior Court for the Commonwealth of Massachusetts, Suffolk County in accordance with 28 U.S.C. § 1446(d).

27. This Supplemental Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

28. By filing this Supplemental Notice of Removal, the Removing Defendants do not waive any defense that may be available to any of them and do not concede that the allegations in the Complaint state a valid claim under applicable law.

29. Defendants intend to seek further briefing to support these grounds should

Plaintiff challenge removal under the Act. Section 1446(a) requires that a Notice of Removal contain only "a short and plain statement of the grounds for removal" with no verification required. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008); 28 U.S.C. § 1446(a). Defendants reserve the right to submit the necessary factual support, evidence, and affidavits to support the basis for federal jurisdiction under the Edge Act at the appropriate time should the Bank supplement its motion for remand based on the supplemental grounds for removal under the Edge Act.

WHEREFORE, the Removing Defendants respectfully request that the Court consider the supplemental grounds stated herein as a basis for exercising subject matter jurisdiction over this action.

BINGHAM McCUTCHEN LLP

/s/ Jacqueline Syrnick
Beth I.Z. Boland (BBO #553654)
Nikki Jean Fisher (BBO #660268)
Jacqueline Syrnick (BBO #676284)
One Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000
Fax: (617) 951-8736
beth.boland@bingham.com
nikki.fisher@bingham.com
jacqueline.syrnick@bingham.com

Of Counsel:

Kenneth I. Schacter, admitted *pro hac vice*
Theo J. Robins, admitted *pro hac vice*
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000
Fax: (212) 753-5378
kenneth.schacter@bingham.com
theo.robins@bingham.com

*Attorneys for Defendants Bear Stearns Asset Backed Securities I, LLC, EMC Mortgage Corporation, J.P. Morgan Acceptance Corporation I, J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Securities, LLC (f/k/a Bear, Stearns & Co. Inc. and J.P. Morgan Securities, Inc.), JPMorgan Chase & Co., JPMorgan Securities Holdings, LLC, Structured Asset Mortgage Investments II, Inc., The Bear Stearns Companies, LLC (f/k/a The Bear Stearns Companies Inc.), and WaMu Capital Corp.*

Dated: November 21, 2011

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 21, 2011.

                                             /s/ Jacqueline Syrnick
                                             Jacqueline Syrnick