UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF BOSTON,<br><br>              Plaintiff,<br><br>-vs.-<br><br>ALLY FINANCIAL, INC., et al.,<br><br>              Defendants. | Case No. 11-cv-10952-GAO |

## NOTICE OF BANKRUPTCY AND EFFECT OF AUTOMATIC STAY

Defendants and debtors Residential Accredit Loans, Inc. and Residential Funding Company, LLC (collectively the "Debtors"), by their undersigned counsel, in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), respectfully submit this Notice of Bankruptcy and Effect of Automatic Stay, and state as follows:

1. On May 14, 2012 (the "Petition Date"), the Debtors and certain of their affiliates filed voluntary petitions (the "Petitions") under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). Copies of the Petitions for the Debtors are attached hereto as Exhibit A and Exhibit B.

2. The Chapter 11 Case for Debtors' parent company Residential Capital, LLC is indexed as case number 12-12020-mg and is captioned as follows:

| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>              Debtors. | Chapter 11<br><br>Case No. 12-12020-mg<br><br>Joint Administration Pending |

3. The "automatic stay" is codified in section 362 of the Bankruptcy Code. Section 362(a), *inter alia*, operates as an automatic stay of: (i) the commencement or continuation of a "judicial, administrative, or other action or proceeding" against the Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)).

4. The above-captioned action constitutes a "judicial, administrative, or other action or proceeding" against the Debtors, an act to obtain possession of the Debtors' property, and/or an act to collect or recover on a claim against the Debtors, and should accordingly be stayed pursuant to 11 U.S.C. § 362(a).

5. Any action taken by the Plaintiff against the Debtors without obtaining relief from the automatic stay from the Bankruptcy Court may be void *ab initio* and may result in a finding of contempt against Plaintiff by the Bankruptcy Court. The Debtors reserve and retain all of their statutory rights to seek relief in the Bankruptcy Court from any action, judgment, order, or ruling entered in violation of the Automatic Stay.

Defendants and Debtors,

RESIDENTIAL ACCREDIT LOANS, INC. and
RESIDENTIAL FUNDING COMPANY, LLC

By their attorneys,

*/s/ Richard E. Briansky*
Richard E. Briansky, BBO # 632709
*rbriansky@princelobel.com*
Amy B. Hackett, BBO# 676345
*ahackett@princelobel.com*
**PRINCE LOBEL TYE LLP**
100 Cambridge Street, Suite 2200
Boston, Massachusetts 02114
Phone: (617) 456-8000

Dated: May 16, 2012

Thomas J. Cunningham *(pro hac vice* pending*)*
tcunningham@lockelord.com
P. Russell Perdew *(pro hac vice* pending*)*
rperdew@lockelord.com
J. Matthew Goodin *(pro hac vice* pending*)*
jmgoodin@lockelord.com
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-443-0700

## CERTIFICATE OF SERVICE

I, Richard E. Briansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first-class mail to those indicated as non-registered participants on May 16, 2012.

/s/ Richard E. Briansky