**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF BOSTON,<br><br>                                     Plaintiff,<br><br>        v.<br><br>ALLY FINANCIAL, INC. F/K/A GMAC LLC, et al.,<br><br>                                Defendants. | Civil Action No. 1:11-cv-10952-GAO |

**DEFENDANTS MOODY'S CORPORATION AND MOODY'S INVESTORS SERVICE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendants Moody's Corporation and Moody's Investors Service, Inc.[1]

respectfully submit this Memorandum of Law and the accompanying Affidavits of Geordie

Thompson ("Thomp. Aff."), William Tice ("Tice Aff.") and William May ("May Aff.")

(annexed hereto as Exhibits A-C) in support of their Motion to Dismiss the Amended Complaint

for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[2]

**PRELIMINARY STATEMENT**

Plaintiff's suit is an attempt to compel Moody's to litigate claims in

Massachusetts without any allegation that Moody's has any relevant contacts with the

Commonwealth.  Plaintiff alleges that it chose to purchase some 111 residential mortgage-

---

[1] Moody's Investors Service, Inc. ("Moody's") is the only entity engaged in the business of developing and publishing rating opinions.  Moody's Corporation, its parent corporation, is incorrectly named as a defendant.

[2] Moody's, Fitch, Inc., The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC (collectively, the "Rating Agencies") have also submitted a joint memorandum in support of their motion to dismiss all claims asserted against the Rating Agencies in the Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

1520632_1

backed securities ("RMBS") from parties that do *not* include Moody's.  Plaintiff does not allege that Moody's—a rating agency that is headquartered in New York—played any role in those sales or, indeed, had any relevant involvement with the Plaintiff or the forum.   Rather, Plaintiff alleges only that Moody's issued credit rating opinions respecting certain securities, which were then communicated to Plaintiff in Massachusetts by the Securities Defendants—and not Moody's.

An attempt to compel a company to defend an action in a foreign state must be reviewed for compatibility with the Fourteenth Amendment's Due Process Clause, and is permissible only if it complies with traditional notions of fair play and substantial justice.  There are two forms of constitutionally permissible long arm jurisdiction:  general jurisdiction and specific jurisdiction.  Both are foreclosed here.

As the United States Supreme Court recently explained, the exercise of general jurisdiction is appropriate only when a defendant is "essentially at home" in the forum.  Moody's limited contacts with Massachusetts—it rents part of a shared-office suite in Boston for three or four employees (who report directly to New York, essentially telecommute and represent, at most, approximately .02% of Moody's workforce), it has no bank accounts in the Commonwealth, derives approximately 1.5% of its revenue from Massachusetts and is not even registered to do business here—in no sense make it "at home" in Massachusetts.  Plaintiff also cannot establish specific jurisdiction over Moody's based on Moody's ratings.   Moody's formulated and published the rating opinions at issue in its headquarters in New York City and did not direct these ratings—which are disseminated, largely by third parties, throughout the nation and the world—to Massachusetts in particular in any way.

1520632_1

**ARGUMENT**

I.     THIS COURT LACKS PERSONAL JURISDICTION OVER MOODY'S.

To assert personal jurisdiction over a non-resident defendant, a plaintiff must establish both that the requirements of Massachusetts' long-arm statute[3] are satisfied and that the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, Civil Action No. 10–12043–GAO, 2012 WL 1065578, at \*12 (D. Mass. Mar. 27, 2012). Plaintiff fails to satisfy either of these mandates. Plaintiff does not explain how Moody's alleged conduct triggers the application of any specific provision of Massachusetts' long-arm statute. In any event, as we will explain, the Due Process Clause prevents Moody's from being haled into Massachusetts to defend the claims at issue, which arise entirely from Moody's conduct in New York.

A.     **This Court Lacks General Jurisdiction over Moody's.**

Last year, the United States Supreme Court clarified that "a state may [only] assert general jurisdiction over foreign . . . corporations . . . when their affiliations with the State are so continuous and systematic as to render them *essentially at home* in the forum State." *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011) (emphasis added) (internal quotation marks omitted). Under the governing "essentially at home" test, a defendant's regular sales into the forum are insufficient standing alone to establish general jurisdiction. *Id.* at 2856. Rather, the forum must effectively function as the corporation's base. *See id.* at 2853-54 (noting that the "paradigm" forums for the exercise of general jurisdiction over a corporation are its principal place of business and its state of incorporation).

The Plaintiff here cannot satisfy the *Goodyear* test because Moody's is in no sense "at home" in Massachusetts.

---

[3] Mass. Gen. Laws ch. 223A.

3

1520632_1

Moody's sole presence in the State consists of rented space in a shared-office suite in Boston. Thomp. Aff. ¶ 2. This space is used by three or four analysts in the company's Public Finance Group who reside in the area and would otherwise work from home. *Id.* Moody's has a total of 1,824 employees, and therefore these employees represent—at most— approximately .02% of the total Moody's workforce. *Id.* ¶ 6. All of these employees report directly to managers in New York and remotely access the Moody's network in New York City, just as they would if working from home. *Id.* ¶¶ 2-3. Moody's owns no real property in Massachusetts and leases no real property in the Commonwealth (apart from the shared office space). Tice Aff. ¶ 2. Moody's has no bank accounts in Massachusetts. *Id.* Nor is Moody's registered to do business in Massachusetts. *Id.* Further, during the last six years, Moody's has derived an average of just 1.51% of its total revenues from Massachusetts customers. May Aff. ¶ 2.

These limited contacts do not remotely render Moody's—a Delaware corporation with its headquarters in New York—"essentially at home" in Massachusetts. *See Goodyear*, 131 S. Ct. at 2853-54. Accordingly, the Due Process Clause does not permit the exercise of general jurisdiction over Moody's in Massachusetts. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) ("[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.").

B.     **This Court Lacks Specific Jurisdiction over Moody's.**

Plaintiff likewise fails to allege any basis to assert specific jurisdiction over Moody's. To assert specific jurisdiction, a plaintiff must establish that her claims are related to the defendant's in-forum activities and that the defendant purposefully availed itself of the forum. *Shirokov*, 2012 WL 1065578, at *12. Neither the relatedness nor purposeful availment requirements are satisfied here.

4

The "relatedness requirement" demands that the defendant's in-state conduct be an "important" or "material" element of proof in the plaintiff's case. *Id.* (quoting *Harlow v. Children's Hosp.,* 432 F.3d 50, 61 (1st Cir. 2005)).[4]  Plaintiff does not—and cannot—allege any facts to meet this standard.  No employee in Moody's shared-office suite in Boston participated in (or was even part of a group that had responsibility for) rating RMBS securities like those Plaintiff acquired.  Thomp. Aff. ¶¶ 2, 5.   Indeed, the employees who use the Boston office space lack the capacity to independently produce, release, or distribute any Moody's ratings or publications.  *Id.* ¶ 3.  Further, as explained, the Moody's rating opinions at issue were *all* issued from Moody's headquarters in New York and reflect the work of analysts based in New York.  May Aff. ¶ 3.  Because Plaintiff's claims do not—and could not—arise out of any Massachusetts-based activities by Moody's, specific jurisdiction is foreclosed.

Nor can Plaintiff satisfy the "purposeful availment" prong.  Plaintiff does not allege that Moody's engaged in *any* actions in Massachusetts that relate to its claims.  Moody's did not sell the securities at issue to Plaintiff, and indeed is not alleged to have had any communications whatsoever with Plaintiff regarding them.

Plaintiff's argument for specific jurisdiction, therefore, rests entirely on Plaintiff's allegations that it purchased (from other defendants) securities rated by Moody's, and that those ratings may have been included (by other parties) in offering materials or other publications.  This theory of jurisdiction is flatly foreclosed by the Supreme Court's decision in *Nicastro*.  *Nicastro* explicitly held that a manufacturer could *not* be haled into a foreign state simply because it knew that a distributor was selling its goods "through a nationwide distribution system

---

[4] *See also Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) ("Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities."); *Harlow*, 432 F.3d at 61("This court steadfastly rejects the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect.") (citation omitted).

1520632_1

that *might* lead to [the] products being sold in *any* of the fifty states." *Nicastro,* 131 S. Ct. at

2793 (Breyer, J., concurring) (emphasis added) (quoting reversed lower court opinion); *see also*

*id.* at 2786 (plurality opinion); *Oticon, Inc. v. Sebotek Hearing Systems, LLC*, Civil Action No.

08–5489 (FLW), 2011 WL 3702423, at *9 (D.N.J. August 22, 2011) ("*Nicastro* stands for the

proposition that targeting the national market is *not* enough to impute jurisdiction to all the

forum States."). As Justice Breyer explained in his concurrence, "to adopt this view would

abandon the heretofore accepted inquiry of whether . . . it is fair, in light of the defendant's

contacts *with th[e] forum*, to subject the defendant to suit there." *Nicastro*, 131 S. Ct. at 2793

(Breyer, J., concurring) (emphasis in original) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204

(1977)).

      The reasoning of *Nicastro* applies with particular force here, where Plaintiff's

claims arise not out of the sale of tangible goods but the allegedly broad republication, by third

parties, of Moody's rating opinions.[5] Indeed, the exercise of specific jurisdiction here would

expand the "purposeful availment" requirement for the assertion of specific jurisdiction beyond

recognition.

## CONCLUSION

      For the foregoing reasons, in addition to those set forth in the Rating Agencies'

joint memorandum, Moody's Corporation and Moody's Investors Service, Inc. respectfully

request that the Court dismiss with prejudice all claims set forth against them in Plaintiff's

Amended Complaint.

---

[5] *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("Jurisdiction is proper[] . . . where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State.") (quotation omitted); *Madara v. Hall*, 916 F.2d 1510, 1517-19 (11th Cir. 2000) (holding that awareness that copies of a publication might find their way, via third parties, into forum is not sufficient to justify the exercise of personal jurisdiction: "the proper exercise of personal jurisdiction is not the ability to see that the acts of third persons may affect the forum, but rather that the *defendant's own purposeful acts* will have some effect in the forum.") (emphasis added).

1520632_1

Dated: October 11, 2012

Respectfully submitted,

By:   /s/ Elizabeth M. Mitchell

Ralph T. Lepore, III (BBO #294420)
ralph.lepore@hklaw.com
Elizabeth M. Mitchell (BBO #638146)
elizabeth.mitchell@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA  02116
Tel:  (617) 523-2700
Fax:  (617) 523-6850

*Of Counsel*

SATTERLEE STEPHENS BURKE &
BURKE LLP
James J. Coster
Joshua M. Rubins
David R. Lurie
230 Park Avenue
New York, New York 10169
(212) 818-9200

*Attorneys for Moody's Corporation and
Moody's Investors Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 11, 2012.

/s/ Elizabeth M. Mitchell
Elizabeth M. Mitchell

1520632_1