# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF BOSTON,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ALLY FINANCIAL, INC., *et al*.<br><br>　　　　　　　　Defendants. | Civil Action No. 1:11-cv-10952-GAO<br><br>ORAL ARGUMENT REQUESTED |

**THE MCGRAW-HILL COMPANIES, INC. AND STANDARD & POOR'S
FINANCIAL SERVICES LLC'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED
COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

William T. Hogan III
Patrick T. Clendenen
Heather L. Bennett
NELSON MULLINS RILEY &
　　SCARBOROUGH LLP
One Post Office Square
30th Floor
Boston, MA  02109-2127

Floyd Abrams
Susan Buckley
Tammy L. Roy
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005

*Attorneys for The McGraw-Hill Compa-
nies, Inc. and Standard & Poor's Financial
Services LLC*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

I.      This Court Lacks Personal Jurisdiction over the McGraw-Hill Defendants ...................... 3

        A.      This Court Lacks General Jurisdiction over the McGraw-Hill Defendants ........... 4

        B.      This Court Lacks Specific Jurisdiction over the McGraw-Hill Defendants ........... 7

CONCLUSION ................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Cossaboon* v. *Maine Medical Center*, 600 F.3d 25 (1st Cir. 2010) ............................................... 6n

*Donatelli* v. *National Hockey League*, 893 F.2d 459 (1st Cir. 1990) ............................................ 5

*Energy Capital & Services LP, II* v. *Hill Refrigeration, Inc.*, 989 F. Supp. 353
(D. Mass. 1997) ...................................................................................................................... 7n

*First Community Bank* v. *First Tennessee Bank, N.A.*, No. 3-475-11 (Knox Cnty. Cir. Ct.
May 25, 2012) .......................................................................................................................... 6

*Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 131 S. Ct. 2846 (2011) ...................... *passim*

*Hanson* v. *Denckla*, 357 U.S. 235 (1958) ................................................................................ 1, 7

*Helicopteros Nacionales De Colombia, S.A.* v. *Hall*, 466 U.S. 408 (1984) .............................. 3, 7

*International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945) ................................................. 2, 4, 6

*J. McIntyre Machinery, Ltd.* v. *Nicastro*, 131 S. Ct. 2780 (2011) ............................................ 1, 7

*Massachusetts School of Law* v. *American Bar Ass'n*, 142 F.3d 26 (1st Cir. 1998) ..................... 4

*Perkins* v. *Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) .......................................... 4-5

*Rogers Corp.* v. *CalAmp Corp.*, 2007 WL 4293306 (D. Mass. Dec. 5, 2007) .............................. 7

*Shirokov* v. *Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578
(D. Mass. Mar. 27, 2012) ................................................................................................... 3-5, 7n

### <u>Rules</u>

Fed. R. Civ. P. 12(b)(2) ............................................................................................................... 1

Defendants The McGraw-Hill Companies, Inc. ("McGraw-Hill") and Standard & Poor's Financial Services LLC ("S&P FS LLC", together with McGraw-Hill, the "McGraw-Hill Defendants") respectfully submit this Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## PRELIMINARY STATEMENT

On April 20, 2011, Federal Home Loan Bank of Boston ("FHLB") indiscriminately sued 80 financial entities, including the McGraw-Hill Defendants, seeking recovery for FHLB's decision to invest approximately $5.7 billion in over 100 private label mortgage-backed securities ("PLMBS" or the "Certificates").  FHLB brought the instant action in Massachusetts state court,[1] without regard for any connection its claims or the McGraw-Hill Defendants have to Massachusetts.[2]  Both of the McGraw-Hill Defendants are headquartered in New York and have their principal place of business in New York.

Just a year ago, the U.S. Supreme Court issued two opinions clarifying when a court may exercise personal jurisdiction over a non-domiciliary corporation consistent with the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.  *See Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 131 S. Ct. 2846 (2011); *J. McIntyre Machinery, Ltd.* v. *Nicastro*, 131 S. Ct. 2780 (2011).  Under those decisions, if a plaintiff's cause of action arises out of or is related to the defendant corporation's contacts with the forum state ("specific jurisdiction"), due process requires that the plaintiff demonstrate that the defendant "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Nicastro*, 131 S. Ct. at 2787-88 (plurality) (quoting *Hanson* v. *Denckla*, 357

---

[1] This case was timely removed to federal court.

[2] S&P FS LLC, which was created in 2009, did not even exist at the time the Certificates were rated and purportedly purchased by FHLB.

U.S. 235, 253 (1958)).  On the other hand, if a plaintiff's cause of action is unrelated to the de-

fendant corporation's in-state activities ("general jurisdiction"), due process requires a far more

substantial showing:  Contacts with the forum must be "so 'continuous and systematic' as to ren-

der [the defendant] *essentially at home in the forum State*." *Goodyear*, 131 S. Ct. at 2851 (em-

phasis added) (quoting *International Shoe Co.* v. *Washington*, 326 U.S. 310, 317 (1945)).

Here, FHLB asserts three claims against the McGraw-Hill Defendants arising from pur-

portedly "false" credit rating opinions issued by Standard & Poor's Ratings Services ("S&P") in

New York to the investing public at large.  None of S&P's ratings activities on these Certificates

took place in Massachusetts or were targeted at Massachusetts.  Nor were any of S&P's ratings

activities specifically directed toward FHLB.  FHLB's claims against the McGraw-Hill Defend-

ants do not arise out of any contact the McGraw-Hill Defendants had with Massachusetts, and,

consequently, FHLB was required to plead that the other Massachusetts contacts of the McGraw-

Hill Defendants are so substantial "as to render [them] essentially at home in [Massachusetts]."

*Goodyear,* 131 S. Ct. at 2851.  FHLB does not and cannot make such a showing.

## BACKGROUND

McGraw-Hill is a global company that provides financial services, education and busi-

ness information to individuals, corporations and governments.  (*See* Affidavit of Janet Sacks

("Sacks Aff.") ¶ 2, attached hereto as Exhibit A.)  McGraw-Hill is organized under the laws of

New York and has its principal place of business in New York.  (*See id.*)  As of January 1, 2009,

the U.S. business of Standard & Poor's Ratings Services[3] operates as part of S&P FS LLC, a

wholly-owned subsidiary of McGraw-Hill that is incorporated under the laws of Delaware and

---

[3] Standard & Poor's Ratings Services is not a legal entity.

has its principal place of business in New York.  (*Id.* ¶ 6.)  S&P is one of the world's leading providers of credit ratings, and has offices in 23 countries with over 1,400 analysts.

The McGraw-Hill Defendants conduct business all over the world, including Massachusetts.  Yet, their contacts with Massachusetts, particularly when viewed in connection with their business as a whole, are minimal.  And the conduct on which FHLB bases its three claims—issuing allegedly "false and misleading" credit ratings in connection with the Certificates—has no connection whatsoever to Massachusetts.  S&P's ratings activities with respect to the Certificates did not take place in Massachusetts; rather, the ratings activities were conducted in New York and California.  (*See* Affidavit of Irene Yezhov ("Yezhov Aff.") ¶¶ 3-4, attached hereto as Exhibit B.)

FHLB, headquartered in Boston, Massachusetts, alleges that it was injured following its purchase of 111 Certificates from one or more of the 80 other defendants named in the Amended Complaint, including the sponsors, depositors and underwriters of the Certificates at issue.  It does not allege that it had any contact with the McGraw-Hill Defendants, let alone any contact with the McGraw-Hill Defendants in Massachusetts.

## ARGUMENT

I.    **THIS COURT LACKS PERSONAL JURISDICTION OVER THE MCGRAW-HILL DEFENDANTS**

There are two recognized bases for exercising jurisdiction over a non-resident defendant: (1) general jurisdiction, which refers to the adjudicatory authority over a defendant regardless of where the cause of action occurred; and (2) specific jurisdiction, which refers to the adjudicatory authority over a defendant in a cause of action either arising from or relating to the defendant's contacts with the forum.  *Helicopteros Nacionales De Colombia, S.A.* v. *Hall*, 466 U.S. 408, 414 nn.8-9 (1984).  On a motion to dismiss for lack of personal jurisdiction, FHLB "'ultimately bears

the burden of persuading the court that jurisdiction exists[.]'" *Shirokov* v. *Dunlap, Grubb &*

*Weaver, PLLC*, 2012 WL 1065578, at *8 (D. Mass. Mar. 27, 2012) (O'Toole, J.) (quoting *Mas-*

*sachusetts School of Law* v. *American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

A.   **THIS COURT LACKS GENERAL JURISDICTION OVER THE MCGRAW-HILL DEFENDANTS**

Last year, the Supreme Court clarified—and limited—when a court may assert general

jurisdiction over a non-resident corporation.  *Goodyear*, 131 S. Ct. 2846.  Rejecting the lower

courts' "sprawling view" of general jurisdiction, *id.* at 2856, the Supreme Court held that a court

may assert general jurisdiction over foreign (sister-state or foreign-country) corporations only

"when their affiliations with the State are so 'continuous and systematic' as to render them *es-*

*sentially at home* in the forum State," *id.* at 2851 (emphasis added).

In so holding, the Court relied heavily on its prior decision in *Perkins* v. *Benguet Consol-*

*idated Mining Co.*, 342 U.S. 437 (1952), its *only* decision since *International Shoe* that sustains

an exercise of general jurisdiction.  In *Perkins*, a Philippine mining company was displaced by

the World War II Japanese occupation of the Philippine Islands and moved its corporate opera-

tions to Ohio, where it was sued on causes of action unrelated to its Ohio activities.  *See id.* at

438, 447-48.  The president of the company, who was also the general manager and principal

shareholder, moved his residence to Ohio and maintained an office there from which he conduct-

ed the company's corporate business "consisting of directors' meetings, business correspond-

ence, banking, stock transfers, payment of salaries, purchasing of machinery, *etc.*"  *Id.* at 445.

The Court concluded that due process was not offended by the exercise of general jurisdiction

over such a defendant, *see id.* at 448, in a decision the *Goodyear* Court described as "[t]he text-

book case of general jurisdiction."  *Goodyear*, 131 S. Ct. at 2856 (citation and internal quotation

marks omitted).  *See also Shirokov*, 2012 WL 1065578, at * 11 (noting that in *Perkins*, the Su-

preme Court found general jurisdiction existed where, "[t]o the extent that the company was conducting any business [in the United States], it was doing so in [the jurisdiction where plaintiff brought suit]").

As *Goodyear* and *Perkins* make clear, general jurisdiction is an exceptional exercise of plenary authority that is permitted only rarely and under limited circumstances. Indeed, even FHLB cannot dispute that it is far more difficult to show that an out-of-state corporate defendant is subject to general jurisdiction than to show that it is subject to specific jurisdiction. This is properly so, as the consequence of finding that an out-of-state defendant is subject to general jurisdiction is that the state is empowered to adjudicate any claim over that defendant in connection with any activity the defendant conducts anywhere in the world, regardless of whether the conduct at issue has any connection whatsoever to the state. Consequently, establishing general jurisdiction over an out-of-state defendant has always been demanding. *See, e.g.*, *Donatelli* v. *National Hockey League*, 893 F.2d 459, 463 (1st Cir. 1990). And *Goodyear* clarifies that establishing general jurisdiction is very demanding today. As the *Goodyear* court explained, plenary authority may be exercised only by the courts of the state in which the corporation is "essentially at home." 131 S. Ct. at 2851, 2853-54. The "paradigm" examples of such forums for a corporation is the "place of incorporation, and principal place of business." *Id*. at 2853-54; *see also Shirokov*, 2012 WL 1065578, at *11 (dismissing defendant corporation on grounds of lack of personal jurisdiction where the defendant was "in no sense at home in Massachusetts").

Applying *Goodyear* here, it is clear that the McGraw-Hill Defendants may not be "fairly regarded as at home" in Massachusetts. Both McGraw-Hill (a New York corporation) and S&P FS LLC (a Delaware corporation) operate out of and have their principal place of business in New York. (Sacks Aff. ¶¶ 2, 6.) Senior management of both the McGraw-Hill Defendants have

offices and operate from New York; annual meetings of McGraw-Hill with investors are con-
ducted there as well.  (*Id.*)  New York is where the McGraw-Hill Defendants are "at home."
*Goodyear*, 131 S. Ct. at 2851.  The McGraw-Hill Defendants respectively conduct only a tiny
percentage of their business in Massachusetts, locate only a tiny percentage of their worldwide
workforce there, and occupy in Massachusetts only a tiny percentage of the space required to run
their operations.  (*See* Sacks Aff. ¶¶ 9-12.)  The McGraw-Hill Defendants do not conduct "cor-
porate operations" from Massachusetts.  *Goodyear*, 131 S. Ct. at 2853 (noting that general juris-
diction, in contrast to specific jurisdiction, refers to those "'instances in which the continuous
*corporate operations* within a state [are] so substantial and of such a nature as to justify suit
against it on causes of action arising from dealings entirely distinct from those activities'") (em-
phasis added) (quoting *International Shoe*, 326 U.S. at 318).

Under *Goodyear*, this is not constitutionally sufficient to justify the exercise of general
jurisdiction.  Indeed, under similar circumstances, a court recently dismissed all claims asserted
against McGraw-Hill on the ground that the court lacked personal jurisdiction over McGraw-Hill
as it was neither incorporated, nor operated its principal place of business, in the foreign jurisdic-
tion.  *First Community Bank* v. *First Tennessee Bank*, No. 3-475-11, hearing tr. at 9-10 (Knox
Cnty. Cir. Ct. May 25, 2012).[4]  Here, too, FHLB cannot demonstrate the level of state-specific

---

[4] While FHLB alleges correctly that both McGraw-Hill and S&P FS LLC are authorized to transact busi-
ness in Massachusetts and maintain offices in Boston, Massachusetts (AC ¶ 124; *see also* Sacks Aff. ¶¶ 7-
8), these connections do not render them "at home" in Massachusetts.  Indeed, the First Circuit has recog-
nized that corporate registration "is not alone sufficient to confer general jurisdiction."  *Cossaboon* v.
*Maine Medical Center*, 600 F.3d 25, 30-34, 37 (1st Cir. 2010) (holding that alleged contacts did "not
meet the stringent standard for the exercise of general jurisdiction" notwithstanding that the hospital
"(1) advertised to . . . [residents of the forum state]; (2) operated a website accessible in [the forum state];
(3) was registered to do business in [the forum state] and employed one person to work [in the forum
state]; . . . [4] [had] an agreement with [a medical school in the forum state] under which . . . [the] stu-
dents would do rotations at the hospital; and [5] treated a substantial number of [residents from the forum
state]"); *see also Goodyear*, 131 S. Ct. at 2857 n.6 ("[E]ven regularly occurring sales of a product in a
State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

contacts evidencing that the McGraw-Hill Defendants are "essentially at home" in Massachusetts.  Accordingly, this Court lacks general jurisdiction over the McGraw-Hill Defendants.

### B.  THIS COURT LACKS SPECIFIC JURISDICTION OVER THE MCGRAW-HILL DEFENDANTS

Specific jurisdiction allows a court to exercise a more "limited" jurisdiction over a non-domiciliary corporate defendant for claims related to the defendant's in-state activities.  *Nicastro*, 131 S. Ct. at 2787.[5]  "Where a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' it submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised *in connection with the defendant's activities touching on the State*."  *Id.* at 2787-88 (emphasis added) (quoting *Hanson*, 357 U.S. at 253).  Thus, the cornerstone of specific jurisdiction is the requirement that the plaintiff's cause of action arise from or relate to the defendant's contacts with the state.  *See Helicopteros*, 466 U.S. at 414.  Moreover, to make this showing, it is insufficient for a plaintiff to rest on "'mere awareness' that a product may end up [i]n the forum state."  *See Rogers Corp.* v. *CalAmp Corp.*, 2007 WL 4293306, at *2 (D. Mass. Dec. 5, 2007) (O'Toole, J.) (citation omitted).

FHLB's causes of action here are based solely on the allegedly false and misleading credit ratings issued by S&P.  S&P's credit ratings on the securities offerings at issue in this case were not prepared in Massachusetts and were not issued from Massachusetts.  S&P's ratings are

---

[5] In order for this Court to exercise specific personal jurisdiction over the McGraw-Hill Defendants, two conditions must be satisfied:  Massachusetts's long-arm statute must grant jurisdiction over the defendant; and the exercise of jurisdiction pursuant to the long-arm statute must comport with the requirements of the Due Process Clause of the Fourteenth Amendment.  *Energy Capital & Services LP, II* v. *Hill Refrigeration, Inc.*, 989 F. Supp. 353, 355 (D. Mass. 1997) (O'Toole, J.) (citation omitted).  But, as recognized by this Court in *Shirokov*, the Court "need not pause to consider the particulars of the Massachusetts long-arm statute" where, as here, the exercise of personal jurisdiction would not "'comport with the strictures of the Constitution.'"  *Shirokov*, 2012 WL 1065578, at *12.

issued from New York and disseminated broadly to the world.  (*See* Yezhov Aff. ¶¶ 2-3.)  S&P

did not direct its ratings specifically toward Massachusetts, or FHLB.  The McGraw-Hill De-

fendants have not engaged in any Massachusetts activities in connection with or related to the

issuance of the credit ratings that form the basis of the Amended Complaint.  (*See* Yezhov Aff.

¶¶ 3-4.)  As a result, FHLB's claims do not "arise[] out of or relate[] to [the McGraw-Hill De-

fendants'] contacts with the forum," *Goodyear*, 131 S. Ct. at 2853 (citation and internal quota-

tion marks omitted), and specific jurisdiction is unavailable.

## **CONCLUSION**

For the foregoing reasons, the claims asserted against the McGraw-Hill Defendants in the

Amended Complaint should be dismissed in their entirety for lack of personal jurisdiction.


Dated:  October 11, 2012                                Respectfully submitted,



                                                        By: */s/ William T. Hogan III*


Floyd Abrams (*pro hac vice*)              William T. Hogan III (BBO# 237710)
Susan Buckley (*pro hac vice*)             Patrick T. Clendenen (BBO# 564165)
Tammy L. Roy (*pro hac vice*)              Heather L. Bennett (BBO# 673083)
CAHILL GORDON & REINDEL LLP                NELSON MULLINS RILEY & SCARBOROUGH LLP
80 Pine Street                             One Post Office Square
New York, New York  10005                  30th Floor
Telephone:  (212) 701-3000                 Boston, MA  02109-2127
Facsimile:  (212) 269-5420                 Telephone:  (617) 573-4700
                                           Facsimile:  (617) 573-4710

                                           *Attorneys for The McGraw-Hill Companies, Inc. and
                                           Standard & Poor's Financial Services LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, William T. Hogan III, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: October 11, 2012            *<u>/s/ William T. Hogan III</u>*