# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FEDERAL HOME LOAN BANK OF
BOSTON,

                    Plaintiff,

          v.

ALLY FINANCIAL, INC. F/K/A GMAC LLC,
et al.,

                    Defendants.

Civil Action No. 1:11-cv-10952-GAO

ORAL ARGUMENT REQUESTED

## DEFENDANT DB STRUCTURED PRODUCTS, INC.'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendant DB Structured Products, Inc. ("DBSP") respectfully submits this Reply Memorandum of Law in Further Support of its Supplemental Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

## I.   INTRODUCTION

Plaintiff's Amended Complaint fails to allege a claim of successor liability against Defendant DBSP.  Plaintiff  attempts to assert claims against DBSP solely on the basis of the activities of MortgageIT, a formerly independent mortgage originator acquired by a DSBP subsidiary through a "triangular merger."[1]  DBSP did not merge with MortgageIT or even acquire its assets, let alone undertake to assume its liabilities.  Under applicable doctrines of corporate law and successor liability, Plaintiff cannot assert a claim against DBSP on this basis.

Plaintiff's Opposition to Defendants' Motion to Dismiss (the "Opposition" or "Opp.") does nothing to resurrect Plaintiff's claims against DBSP; rather, it raises baseless choice of law issues and invokes inapposite cases – including one decision that Massachusetts courts have emphatically refused to apply to facts like those at issue – none of which compensate for the Amended Complaint's deficiencies.  As such, Plaintiff resorts to an argument that its conclusory claims of successor liability cannot be dismissed on a motion on the pleadings, which is simply contrary to the extensive case law dismissing successor allegations which, like Plaintiff's, rest on "labels and conclusions, and a formulaic recitation of the elements."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, claims against DBSP that are predicated on successor liability can and should be dismissed.

---

[1]      For a more complete description, *see* Defendant DB Structured Products, Inc.'s Supplemental Memorandum of Law in Further Support of Motion to Dismiss Amended Complaint, dated October 11, 2012 ("Supplemental Motion to Dismiss") at 2; *see also* Compl. ¶184; Ex. A at 1 (Exhibit 2.1 to MortgageIT Holdings, Inc. July 11, 2006 Form 8-K).   All references to "Ex." are references to exhibits accompanying the Declaration of Jason C. Hegt In Support of the Supplemental Motion to Dismiss (dkt. no. 207), submitted Oct. 11, 2012.

## II.     ARGUMENT

### A.     Plaintiff's Choice-of-Law Arguments are Unavailing

Plaintiff argues first that, because there is no conflict between Massachusetts and

Delaware law, this court should apply Massachusetts law directly.  (Opp. at 72.)  This principle

can apply only where "the outcome is the same under the substantive law of either jurisdiction."

*See Humana Foundation, Inc. v. Cantella & Co., Inc.*, No. Civ.A. 2000-12393-ML, 2000 WL

33774752 at *3 (D. Mass. Nov. 17, 2000), *citing  Steinke v. Sungard Financial Sys., Inc.*, 121

F.3d 763, 775 (1st Cir. 1997).   Yet the very case Plaintiff puts forward as evidence of the identity

between Massachusetts and Delaware law in fact shows the opposite.  In *Milliken v. Duro*

*Textiles, LLC*, an insolvent textile manufacturer leased the majority of its assets and transferred

management to a second entity created as part of a foreclosure sale; the court held that the new

entity was a mere continuation of its predecessor and liable for its debts.  887 N.E.2d 244 (Mass.

2008).  This conclusion differs vastly from Delaware law, where "the continuation theory of

corporate successor liability has been narrowly construed by the Delaware courts" with

commonality of operations, assets, and business operations being held as insufficient to create

successor liability.  *See Fountain v. Colonial Chevrolet Co.*, 1988 WL 40019, at *8 (Del. Super.

Apr. 13, 1988) (holding that, regarding the mere continuation theory, "the test is not the

continuation of the business operation; rather, it is the continuation of the corporate entity."); *see*

*also Ross v. Desa Holdings Corp.*, No. 05C-05-013, 2008 WL 4899226, at *4 (Del. Super. Sept.

30, 2008) (continuation of managers, assets, operations and a majority of officers insufficient to

create successor liability).  In sum, although both Massachusetts and Delaware may recite the

same principles of successor liability, their application differs significantly.

Plaintiff next argues that the "internal affairs" doctrine, which provides that corporate

liabilities "are generally determined by the law of the State of incorporation" (*Harrison v.*

*NetCentric Corp.*, 744 N.E.2d 622, 629 (Mass. 2001),  does not apply to questions of liability to

third parties.  In so arguing, Plaintiff confuses the question of direct liability as –between itself

and the former MortgageIT – and the question of whether DBSP is liable as a successor to

MortgageIT.  Under Massachusetts principles of choice of law, the laws of different states may apply to different aspects of one case.  *See Value Partners S.A. v. Bain & Co., Inc.*, 245 F. Supp. 2d 269, 274 (D. Mass. 2003) (collecting cases).  And Massachusetts courts, as well as courts adhering to the same approach as Massachusetts, have held that "even corporate functions implicating the rights of creditors, such as mergers and reorganizations, fall within the [internal affairs] doctrine."[2]

Plaintiff finally claims that the internal affairs doctrine would be ignored in favor of a "functional" choice-of-law analysis.  Yet the case of *Demoulas v. Demoulas Super Markets, Inc*., 677 N.E.2d 159 (Mass. 1997), cited by Plaintiff on this point, involved a unique fact pattern concerning a corporation chartered originally in Delaware and later in Massachusetts.  To avoid applying laws of two different states to the internal affairs of single corporation, the Supreme Judicial Court crafted the "functional" choice-of-law analysis that Plaintiff advocates reapplying here.  (*See id.*; Opp. at 73).  This approach, however, has not been expanded beyond the facts of that case; indeed, Massachusetts courts have rejected repeated attempts to invoke *Demoulas* as a broader choice-of-law rule.[3]  It should likewise be rejected here.[4]

---

[2]     *See, e.g.*, *Allstate Ins. Co. v. Countrywide Fin. Corp*., 824 F. Supp. 2d 1164, 1172 (C.D. Cal. 2011) (applying internal affairs with respect to successor liability); *Asymmetrx Med., Inc. v. McKeon*, No. 11-11079, 2012 U.S. Dist. LEXIS 38218, *35-36 (D. Mass. Mar. 2, 2012) (same, with respect to *de facto* merger claim).

[3]     *See, e.g.*, *Harrison*, 433 Mass. 465 at 470-71 ("The *Demoulas* case was an exceptional one, as it concerned a company that had changed its State of Incorporation . . . . Nothing in our decision, however, suggested that we were overruling our long-standing policy of applying the law of the State of incorporation to internal corporate affairs."); *Gerzof v. Cignal Global Comms.*, No. 00-3337, 2001 WL 914519 at *3 (Mass. Super. Aug. 13, 2001) (applying Delaware corporate law and reasoning:  "Unlike the unique circumstances in *Demoulas*, all of the wrongs alleged . . . occurred while Cignal was a Delaware corporation.").

[4]     Similarly, Plaintiff's reliance on *First National City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S 611, 621 (1983) is misplaced.  In that case, the Supreme Court declined to immunize a Cuban government entity from setoff claims after Cuba seized and expropriated American assets, despite the fact that Cuban law favored setoff immunity.  Yet the Court acknowledged that, under ordinary circumstances, the internal affairs doctrine suffices to protect parties "with interests in the corporation"– a category not limited to directors, officers and shareholders.  (*Id.* at 622.)  *First National City Bank* does not arise under Delaware *or* Massachusetts law, and its unique facts limit its precedential value.

**B.       Plaintiff's Deficient Claims Can and Should Be Dismissed**

Contrary to Plaintiff's assertion that successor liability claims "cannot be resolved on a motion to dismiss" (Opp. at 73),[5] federal courts routinely dismiss such claims where, as here, the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable," relying instead on "labels, conclusions, and a formulaic recitation of the elements[.]"  *See, e.g.*, *Hayden Capital USA, LLC v. Northstar Agri Industries, LLC*, No. 11 Civ. 594(DAB), 2012 WL 1449257 at *8-9 (S.D.N.Y. Apr. 23, 2012) (alleged "continuation of [the predecessor's] *business*" by the defendant could not sustain  plaintiff's successor liability claim) (*citing Twombly*, 550 U.S. at 570 (2007)).

Courts have not only dismissed successor liability claims – they have dismissed successor liability claims remarkably similar to those of FHLB-Boston.  For example, claims based on vague or conclusory assertions that a defendant has "completed actual [and/or] de facto mergers with" a wholly-owned subsidiary (Compl. ¶ 167) or "integrated" the subsidiary's business operations (Compl. ¶ 164) do not satisfy pleading standards.[6]  Nor do courts sustain claims that fail to describe, in sufficient detail, the asset purchase by the purported successor sought to be recharacterized as a *de facto* merger or mere continuation.[7]  Here, Plaintiff has not even

---

[5]       Here, Plaintiff relies  on two decisions issued at least a decade before *Twombly – Ed Peters Jewelry Co. v. C & J Jewelry  Co.*, 124 F.3d 252, 269 (1st Cir. 1997) and *Sheppard v. A.C. & S. Co.*, 484 A.2d 521, 526 (Del. Super. Ct. 1984) (the latter not even involving federal pleading standards) – along with an interlocutory order by the U.S. District Court for the Southern District of New York which contravened the weight of authority, including Southern District authority.  *See* Opp. at 73-74 (*citing Fed. Hous. Fin. Agency v. Deutsche Bank AG*, No. 11-6192, 2012 WL 5471864 at *5 (S.D.N.Y. Nov. 12, 2012)); *Hayden Capital USA, LLC v. Northstar Agri Industries*, LLC, 11 Civ. 594(DAB), 2012 WL 1449257 at *9 (S.D.N.Y. Apr. 23, 2012) (dismissing successor liability claim); *United States v. Deutsche Bank AG, et al.*, No. 11 Civ. 2976 (LAK) (S.D.N.Y.) (Kaplan, J.) (Ex. D at 54-55, 63) (the U.S. government, which tried to advance the same successor allegations asserted here, faced "a real problem" surviving a motion to dismiss, and "certainly [hadn't] made" an adequate successor liability claim).

[6]       *See, e.g.*, *Jalili v. Xanboo Inc.*, No. 11 Civ. 1200 (DLC), 2011 WL 4336690 at *2  (S.D.N.Y. 2011) (allegation that a parent was "integrating [the subsidiary]'s assets into [the parent], leading to an actual or *de fact*o merger" did not substantiate a successor liability claim).

[7]       For example, claims have been dismissed for failure to plead:  that the defendant indeed acquired *all* (and not merely a portion)of the predecessor's assets (*Magnolia's at Bethany, LLC v. Artesian Consulting Engineers, Inc.*, C.A. No. S11 C-04-013-ESB, 2011 WL 4826106 at *4  (Del. Super. Sep. 19, 2011)); that stock was transferred "directly" (*id.*); and, which particular shareholders, if any, held shares

*identified* an asset purchase by the purported successor, DBSP, or offered any basis to recharacterize, as a *de facto* merger or mere continuation, any transaction entered into by a DBSP subsidiary.

Indeed, this exact question of whether DBSP is liable under principles of successor liability with respect to MortgageIT Holdings already has been addressed by the U.S. District Court for the Southern District of New York on a motion to dismiss; there, the court noted rejected allegations similar to those made by FHLB-Boston on the basis that "a basic principle of corporate law unmistakably is that a company is not liable without more for the obligations of its subsidiaries." *United States v. Deutsche Bank AG, et al.*, No. 11 Civ. 2976 (LAK) (S.D.N.Y.) (Kaplan, J.) (Ex. D at 54-55, 63) ("[Y]ou're at liberty to try to make that claim, but you certainly haven't made it up to now.   I have to tell you that.   It's just not here in your complaint."). Plaintiff here offers nothing more and no basis to deviate from this result.  Instead, Plaintiff merely re-alleges facts of which Judge Kaplan was perfectly aware and which demonstrate only that a DBSP subsidiary, not DBSP itself, acquired MortgageIT.

---

before and after the assets were purchased. *See Emerson Elec. Co. v. Rego Co*., No. 90 C 3343, 1991 WL 36954 at *6 (N.D. Ill. Mar. 14, 1991) (holding that it was not enough for the plaintiff to allege that the predecessor and successor were corporate affiliates under common ownership and control).  And at least one federal court has held that where a complaint merely alleges a merger between the predecessor and the defendant's *subsidiary*, successor claims must be dismissed.  *See Norfolk Southern Ry. co. v. Trinity Industries, Inc.*, No 2-07-CV-1905-F, 2009 WL 362437 at *4 (N.D. Tex. Feb. 13, 2009).

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's claims against DBSP as a successor to MortgageIT

Holdings and its subsidiaries should be dismissed.


Dated:  March 4, 2013                             Respectfully submitted,

                                                    /s/ Jamie L. Wine


                                                 Jamie L. Wine (*pro hac vice*)
                                                 Paul A. Serritella (*pro hac vice* pending)
                                                 Jason C. Hegt (*pro hac vice*)
                                                 LATHAM & WATKINS LLP
                                                 885 Third Avenue, Suite 1000
                                                 New York, NY 10022-4834
                                                 Tel: (212) 906-1200
                                                 Fax: (212) 751-4864

                                                 William J. Trach (BBO #661401)
                                                 LATHAM & WATKINS LLP
                                                 John Hancock Tower, 20th Floor
                                                 200 Clarendon Street
                                                 Boston, MA 02116
                                                 Tel: (617) 948-6000
                                                 Fax: (617) 948-6001

                                                 *Counsel for DB Structured Products, Inc., DB
                                                 U.S. Financial Market Holding Corporation,
                                                 Deutsche Alt-A Securities, Inc., Deutsche Bank
                                                 Securities Inc., MortgageIT Securities Corp.,
                                                 MortgageIT, Inc., MIT Holdings Corp.*


## <u>LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE</u>


I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on March 4, 2013.

                                                 /s/ Jamie L. Wine
                                                    Jamie L. Wine