UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF BOSTON,<br><br>          Plaintiff,<br><br>   v.<br><br>ALLY FINANCIAL INC. et al.,<br><br>          Defendants. | Civil Action No.11-10952-GAO |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT**

Plaintiff Federal Home Loan Bank of Boston ("the Bank") submits this notice of supplemental authority in opposition to Defendants' motions to dismiss. The following recent decisions were issued after the Bank filed its Opposition memoranda[1] on January 16, 2013:

(1) *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, No. 12–1707, ---F.3d---, 2013 WL 765178 (2d Cir. Mar. 1, 2013) (Ex. A); and

(2) *Dexia SA/NV v. Bear, Stearns & Co., Inc.*, No. 12-4761, 2013 WL 856499 (S.D.N.Y. Feb. 27, 2013) (Ex. B).

Each case concerned allegations of material misstatements in the offering documents for mortgage backed securities. In each case, plaintiffs alleged material misstatements substantially similar to those alleged by the Bank here, including that defendants falsely claimed the originators of the underlying mortgages abided by their stated underwriting guidelines, when in

---

[1] *See* Plaintiff's Opposition to Defendants' Joint Motion to Dismiss the Amended Complaint (Doc. No. 233) ("J. Opp."); Plaintiff's Opposition to the Credit Rating Defendants' Joint Motion to Dismiss the Amended Complaint (Doc. No. 229).

fact the originators routinely disregarded them.  In each case, the court refused to dismiss plaintiffs' claims.

Each case made clear that allegations based on high default rates, credit rating downgrades, and statements from former employees of key originators state a plausible claim regarding the disregard of underwriting standards.  *N.J. Carpenters*, 2013 WL 765178, at *10-12; *Dexia*, 2013 WL 856499, at *3.  These are some of the very types of allegations that the Bank has made in this case.  *See* J. Opp. Appendix III (Doc. No. 233-3) at 2 (citing statements in the Bank's Amended Complaint from former employees of key mortgage originators); Am. Compl. for Rescission and Damages ("Compl.") ¶ 899 (rating agency downgrades); Compl. ¶ 848 (default rates).

Moreover, as explained below, in each case the court rejected a number of arguments substantially similar to those set forth by Defendants in this case.

**A.**     ***New Jersey Carpenters***

In *New Jersey Carpenters*, the U.S. Court of Appeals reversed *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc.*, No. 08-5310, 2012 WL 1076143 (S.D.N.Y. Mar. 29, 2012), in which the district court granted a motion to dismiss claims based on the alleged abandonment of underwriting guidelines.  Defendants relied extensively on that district court order.  *See, e.g.*, Defendants' Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint (Doc. No. 200) ("J. Mem."), at 23, 27, 35, 38, 40.  In light of the Second Circuit's reversal and the cogent reasons for it, the Court should give no weight to the now reversed *NovaStar Mortgage* case.[2]

---

[2] The Second Circuit also distinguished another decision on which Defendants heavily relied, *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09-4050, 2010 WL 3790810, at *12–13 (S.D.N.Y. Sept. 28, 2010), *see* J. Mem. 13, 17, 20, 26, 29, 34, 36, 38; Defendants' Reply Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint (Doc. No.

Notably, in *New Jersey Carpenters* the Second Circuit agreed with the First Circuit's opinion in *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762 (1st Cir. 2011) ("*Nomura*"), that a plaintiff need not plead facts regarding the specific mortgages underlying the certificates it purchased, and held that a plaintiff need only "provide[] a 'fairly specific' account of how the relevant *underwriters* had systematically disregarded the guidelines disclosed in a security's registration statement." *N.J. Carpenters*, 2013 WL 765178, at *10 (emphasis added). The court further found that plaintiffs had sufficiently "tied the purported practices to the specific securities at issue", *id.* at *10 n.7, because, like the Bank here, plaintiffs had alleged the "signs of disregard materialized" with respect to the securities at issue in the form of high rates of delinquency and significant downgrades to credit ratings. *Compare id.* at *10 *with* Compl. ¶ 899 (rating agency downgrades) *and* Compl. ¶ 848 (default rates).

In addition, the Second Circuit considered and rejected three other key contentions advanced by Defendants in this case:

First, the defendants in *New Jersey Carpenters*, like Defendants here, argued that statements by confidential witnesses were anecdotal at best and could not support allegations of widespread disregard of underwriting guidelines. *Compare N.J. Carpenters*, 2013 WL 765178, at *11, *with, e.g.*, J. Mem. 27 n.25, 31, 35. The Second Circuit rejected the argument, holding that the witness statements could support a reasonable inference that underwriting guidelines had been disregarded on a widespread basis. *N.J. Carpenters*, 2013 WL 765178, at *11. Like the plaintiffs in *New Jersey Carpenters*, who cited statements from former employees of the key mortgage originator, the Bank has cited information and statements from 45 confidential sources,

---

243) ("J. Reply") 7, 12, because *Footbridge* was decided "under the heightened standard set forth in the PSLRA." *N.J. Carpenters*, 2013 WL 765178, at *10 n.6. As explained in the Bank's opposition memorandum, *Footbridge* is similarly distinguishable here because the PSLRA does not apply to the Bank's claims. J. Opp. 16.

including former employees of 25 key entities that originated mortgages underlying the Bank's Certificates, regarding the underwriting practices of those key mortgage originators. *See* J. Opp. Appendix III at 2.

Second, the defendants in *New Jersey Carpenters*, like Defendants here, insisted that mortgage default rates do not support any inference that mortgage underwriters disregarded their guidelines. *Compare N.J. Carpenters*, 2013 WL 765178, at *11, *with, e.g.*, J. Mem. 20-21 *and* Defendant Wells Fargo's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (Doc. No. 215) at 4. The Second Circuit, however, rejected this argument and held that high mortgage default rates, in connection with the other allegations in the complaint, provide additional support for the reasonable inference that underwriting guidelines were disregarded. *See N.J. Carpenters*, 2013 WL 765178, at *11.

Third, the defendants in *New Jersey Carpenters*, like Defendants here, said that they made no misrepresentations because their offering document disclosed that exceptions to the underwriting guidelines could be made. *Compare N.J. Carpenters*, 2013 WL 765178, at *12, *with, e.g.*, J. Mem. 13-16 *and* J. Reply 2 n.2. Like the other courts to consider this issue, the Second Circuit concluded that disclosing exceptions is not the same as disclosing that underwriting guidelines were disregarded. *See N.J. Carpenters*, 2013 WL 765178, at *12.

**B.**     ***Dexia v. Bear Stearns***

In *Dexia*, the court denied defendants' motions to dismiss plaintiffs' claims based on similar substantive misrepresentations, including the false representation that mortgages were originated in conformance with stated underwriting guidelines. The *Dexia* court upheld plaintiffs' claims even where—unlike in this case—the *Dexia* plaintiffs had to satisfy the heightened pleading requirements of Rule 9(b) because they had pleaded claims of common law

fraud against the sponsors, depositors, and/or underwriters of the relevant mortgage backed securities.

The *Dexia* court similarly rejected a number of the arguments set forth by Defendants in this case.

First, the *Dexia* defendants, like Defendants here, argued that plaintiffs were required to plead facts regarding the specific loans underlying the mortgage backed securities at issue. *Compare Dexia*, 2013 WL 856499, at *4, *with, e.g.,* J. Mem. 25.  However, consistent with the overwhelming majority of cases, including *Nomura* and *New Jersey Carpenters*, the *Dexia* court refused to require such certificate-specific pleading, even though the *Dexia* plaintiffs—unlike the Bank—were generally required to satisfy the heightened pleading requirements of Rule 9(b). 2013 WL 856499, at *4.  Specifically, the court held that "the Amended Complaint's allegations . . . . present a picture of defendants' unsound mortgage origination and securitization practices so pervasive that a reasonable fact-finder could infer that those practices affected the securitizations at issue in this case." *Id.*

Second, like the Second Circuit in *New Jersey Carpenters* and the First Circuit in *Nomura*, 632 F.3d at 773, the *Dexia* court also refused to dismiss the plaintiff's claims on the basis of purported disclaimers in the offering documents.  The court held that disclaimers in the offering documents—including that some mortgages were underwritten pursuant to "less stringent" standards, that "exceptions" may be made "from time to time," and that originators were obligated to "repurchase or substitute" loans found not to comply with representations and warranties—were "insufficient to render not misleading the assertion in the offering documents that underwriting guidelines were 'generally' followed." 2013 WL 856499, at *5.  Similarly, the court held that the *Dexia* defendants' purported appraisal-related disclaimers were insufficient,

5

including the disclaimer that "[n]o assurance can be given that values of the mortgaged properties have remained or will remain at their levels on the dates of origination." *Id.* at *6-7.

Third, the *Dexia* defendants, like Defendants here, argued that the plaintiff's reliance was not justified because the plaintiff was a "sophisticated investor."[3] *Compare Dexia* 2013 WL 856499, at *8, *with* J. Mem. 1, 52 *and* The [Credit] Rating Agencies' Joint Memorandum of Law in Support of their Motion to Dismiss Complaint for Failure to State a Claim at 22-23. Even though New York law imposes an affirmative duty on sophisticated investors to investigate the details of transactions—a standard that is not applicable to the Bank's claims under Massachusetts common law—the *Dexia* court nonetheless held that the *Dexia* plaintiffs had adequately alleged reasonable reliance. *Dexia*, 2013 WL 856499, at *8. The court noted that "even a sophisticated party may rely on the representations of another where the facts misrepresented were 'peculiarly within the Defendants' knowledge,'" *id.* (citation omitted), and concluded that plaintiffs had adequately alleged that, "given the information regarding the individual loans that defendants possessed and that plaintiffs could not have obtained, no outside information could have led it to discover defendants' fraudulent practices." *Id.* Similarly here, the Bank has alleged it did not have access to the loan files. Compl. ¶¶ 209-210.

///

//

/

---

[3] These arguments are relevant only with respect to the Bank's common law claims, as reliance is not an element of a claim under the Massachusetts Uniform Securities Act. *See, e.g.*, *Marram v. Kobrick Offshore Fund, Ltd.*, 809 N.E.2d 1017, 1027 (Mass. 2004).

For the reasons given in the opinions cited above and for the other reasons laid out by the Bank in its briefing, this Court should deny Defendants' motions to dismiss.

Dated:   March 28, 2013                         Respectfully submitted,

/s/ Derek W. Loeser
Amy Williams-Derry
awilliams-derry@kellerrohrback.com
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Derek W. Loeser
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
(206) 623-1900, Fax (206) 623-3384

Thomas G. Shapiro, BBO No. 454680
tshapiro@shulaw.com
Adam M. Stewart, BBO No. 661090
astewart@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02109
(617) 439-3939,  Fax:  (617) 439-0134

KELLER ROHRBACK P.L.C.
Gary A. Gotto
ggotto@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
(602) 248-0088, Fax (602) 248-2822

***Attorneys for Plaintiff Federal Home Loan Bank of Boston***

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on March 28, 2013.

Derek W. Loeser
/s/ Derek W. Loeser
