## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF BOSTON,<br><br>        Plaintiff,<br><br>  v.<br><br>ALLY FINANCIAL INC. et al.,<br><br>        Defendants. | Civil Action No.11-10952-GAO |

## PLAINTIFF'S RESPONSE TO CAPITAL ONE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Federal Home Loan Bank of Boston ("the Bank") submits this response to the notice of supplemental authority filed by Defendants Capital One Financial Corporation, Capital One, National Association, and Chevy Chase Funding LLC ("Capital One Defendants"). *See* Dkt. No. 283 ("Notice"). This Notice discusses a recent opinion in *Stichting Pensioenfonds ABP v. Merrill Lynch & Co., Inc.*, No. 1006637 (S.D.N.Y. July 31, 2013) ("*ABP*"). *ABP* is distinguishable, as it addressed distinct claims based on distinct factual allegations subject to heightened pleading standards not applicable to the Bank's claims. Accordingly, the Court should deny Defendants' motions to dismiss in their entireties. *See also* Plaintiffs Opposition to Defendants' Joint Motion to Dismiss, Dkt. No. 233 ("Opp. MTD").

The Capital One Defendants cite *ABP* solely for the purpose of challenging the Bank's use of confidential source statements regarding the underwriting practices of Chevy Chase. *See* Notice 1-3. However, the Capital One Defendants fail to note that the court's analysis in

*ABP* was based on the heightened pleading requirements of Rule 9(b) and the Private

Securities Litigation Reform Act ("PSLRA"). *ABP* at 6; *id.* at 7 (plaintiffs' "allegations fail to

satisfy Rule 9(b)"); *id.* at 12 ("In sum, ABP's allegations . . . are insufficiently particular to

satisfy Rule 9(b)."). These heightened pleading requirements applied in *ABP* because, unlike

in this case, the *ABP* plaintiffs asserted claims of fraud against the securities defendants under

Section 10(b) of the Securities Exchange Act and Rule 10b-5. *See ABP* at 4, 6-7. Here,

however, the Bank has not asserted claims under the Exchange Act or Rule 10b-5, has not

alleged fraud against any of the Securities Defendants, and has not alleged that any of the

Securities Defendants knowingly or intentionally mislead investors. *See* MTD Opp. at 9-12.

Instead, the Bank has alleged that the Securities Defendants violated Section 410 of the

Massachusetts Uniform Securities Act, which does not require allegations of fraudulent intent,

and that the Securities Defendants were *negligent* in issuing securities pursuant to offering

documents containing materially misleading statements. *Id.* Accordingly, the Bank's claims

against the Securities Defendants need only satisfy the notice pleading requirements of Fed.

R. Civ. P. 8. MTD Opp. at 12-14.

Therefore, although the *ABP* court may have concluded that the confidential witness

statements used by the *ABP* plaintiffs were not sufficiently particular to satisfy Rule 9(b) or

the PSLRA, this holding has no applicability to the Bank's claims against the Securities

Defendants, including its claims against the Capital One Defendants.

Moreover, the *ABP* analysis is inapplicable here because the court relied on the fact

that the confidential witness statements used by the *ABP* plaintiffs were "originally recounted

in a separate compliant filed by separate counsel in a separate action." *ABP* at 8; *see also id.*

at 9 ("There is no suggestion that counsel in this action has spoken with these confidential

witnesses or even knows who they are."). The Capital One Defendants have provided no basis

for the Court to infer that these same concerns apply here. Indeed, the Bank's Complaint

makes clear that the statements from confidential sources used therein were "obtained during

the *Bank's* investigation." Amended Complaint for Rescission and Damages, Dkt. No. 180

("Compl.") ¶ 268 (emphasis added).

Next, although *ABP* held that even if considered, the confidential witness statements

"provide no basis upon which to infer a wholesale abandonment of underwriting standards,"

*ABP* at 10, this conclusion is inconsistent with the overwhelming weight of authority

assessing the sufficiency of pleading of analogous claims under Rule 8. *See, e.g.*, *New Jersey*

*Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, 709 F.3d 109, 123-24 (2d

Cir. 2013) (holding that confidential witness statements were "suggestive of" a reasonable

inference that underwriting guidelines had been disregarded on a widespread basis ). Indeed,

the First Circuit made clear that confidential witness statements, although not necessary,

constitute "more substantial sources" that plaintiffs could cite in support of allegations of

wholesale abandonment of underwriting guidelines. *Plumbers' Union Local No. 12 Pension*

*Fund v. Nomura Asset Acceptance Corp.* ("*Nomura*"), 632 F.3d 762, 773 (1st Cir. 2011); *see*

*also* MTD Opp. at 32.

Finally, *ABP* holds little persuasive value because it is inconsistent with the rule

established in *Nomura* that a plaintiff need not plead facts specific to the mortgages

underlying the certificates it purchased. *Compare ABP* at 12 ("ABP has not alleged facts

sufficient to infer that the FHFA's alleged review included any of the loans backing the

certificate in which ABP invested") *with Nomura* 632 F.3d at 773 (holding that a plaintiff

need only "link such [industry-wide] practices with specific *lending banks* that supplied the

mortgages that underpinned the trusts."). *See also* MTD Opp. at 14-16; *N.J. Carpenters*, 709 F.3d at 122 (holding that a plaintiff need not plead facts regarding specific mortgages underlying its certificates and instead need only "provide[] a 'fairly specific' account of how the relevant underwriters had systematically disregarded [their underwriting] guidelines.").

For the reasons stated above and for the other reasons laid out by the Bank in its briefing, Plaintiff respectfully requests that the Court deny Defendants' motions to dismiss.

Dated:   August 14, 2013                    Respectfully submitted,

/s/ Amy Williams-Derry
Amy Williams-Derry
awilliams-derry@kellerrohrback.com
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Derek W. Loeser
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
(206) 623-1900, Fax (206) 623-3384

Thomas G. Shapiro, BBO No. 454680
tshapiro@shulaw.com
Adam M. Stewart, BBO No. 661090
astewart@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02109
(617) 439-3939,  Fax:  (617) 439-0134

KELLER ROHRBACK P.L.C.
Gary A. Gotto
ggotto@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
(602) 248-0088, Fax (602) 248-2822

*Attorneys for Plaintiff Federal Home Loan Bank of Boston*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing and

paper copies will be sent via U.S. first class mail to those indicated as non-registered participants

on August 14, 2013.

/s/ Amy Williams-Derry
Amy Williams-Derry