UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10952-GAO

FEDERAL HOME LOAN BANK OF BOSTON,
Plaintiff,

v.

ALLY FINANCIAL, INC., et al.,
Defendants.

OPINION AND ORDER
September 30, 2013

O'TOOLE, D.J.

## I.    Background

This case arises from the purchase of private label mortgage-backed securities ("PLMBS") by the plaintiff, the Federal Home Loan Bank of Boston ("the Bank"), over a period of several years. The Bank alleges that by policy, it purchased only AAA-rated PLMBS, and that each of the PLMBS purchased was rated AAA by S&P and/or Moody's (collectively "the Rating Agency Defendants").[1] The Bank further alleges that the Rating Agency Defendants knew that these ratings were inaccurate and based on flawed models, and that their conduct gives rise to claims for fraud, negligent misrepresentation, and violation of Massachusetts General Laws, Chapter 93A. The Rating Agency Defendants have moved to dismiss the claims against them for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

---

[1] S&P collectively refers to defendants The McGraw-Hill Companies, Standard & Poor's Ratings Services, and Standard & Poor's Financial Services LLC. Moody's collectively refers to defendants Moody's Investors Service, Inc. and Moody's Corporation. The third rating agency, Fitch, has been dismissed from the case.

**II.**     **Discussion**

    A.     Choice of Law

The parties disagree as to which State's law should apply to these claims, Massachusetts or New York. Courts sitting in Massachusetts take a "functional approach" to the choice of law question, "assessing various choice-influencing considerations . . . including those provided in the Restatement (Second) of Conflict of Laws . . . ." Cosme v. Whitin Mach. Works, Inc., 632 N.E.2d 832, 834 (Mass. 1994) (internal quotation marks omitted). The factors to be considered are:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Robidoux v. Muholland, 642 F.3d 20, 25 (1st Cir. 2011) (quoting Restatement (Second) of Conflict of Laws § 6 (1971)). The following additional factors are to be considered in actions involving fraud and misrepresentation:

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties . . . .

Restatement (Second) of Conflict of Laws § 148(2) (1971).

The Bank argues that Section 148 of the Restatement overwhelmingly favors the application of Massachusetts law, as Massachusetts is where the Bank received and relied on the Rating Agency Defendants' representations. That emphasizes only some of the considerations,

however, at the expense of others. Instead of "mechanically applying Section 148," I am to view the factors in light of the general choice-influencing factors of Section 6. Goebel v. Schmid Bros., Inc., 871 F. Supp. 68, 75-76 (D. Mass. 1994) (citing Bushkin Assocs., Inc. v. Raytheon Co., 473 N.E.2d 662, 668-70 (Mass. 1985)).

New York has a strong interest in overseeing the conduct of financial institutions operating within its borders. Further, the Rating Agency Defendants did not specifically communicate their ratings to the Bank in Massachusetts; rather, the ratings were disseminated broadly by various entities. For the sake of uniformity and predictability, it is preferable that New York law should apply to these claims, rather than the law of the various and numerous States to which the ratings ended up being disseminated. Therefore, I conclude that New York law governs all three claims against the Rating Agency Defendants.

B.  Count V: Fraud

Under New York law, a plaintiff bringing a claim for fraud must adequately allege:

> (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.

Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc., 651 F. Supp. 2d 155, 171 (S.D.N.Y. 2009) (internal quotation marks omitted) ("Abu Dhabi I"). In alleging a fraud claim, the plaintiff "must state with particularity the circumstances constituting fraud or mistake," pursuant to Federal Rule of Civil Procedure 9(b). State of mind may be alleged generally. See id.

The Rating Agency Defendants contend that the Bank fails to state a claim for fraud because it fails to allege any actionable misstatements; it fails to plead facts giving rise to an inference of scienter; and it fails to allege reasonable reliance and cognizable loss.

The Rating Agency Defendants' argument that their ratings are non-actionable opinions is unconvincing. As discussed in Abu Dhabi I, "[a]n opinion may still be actionable if the speaker does not genuinely and reasonably believe it or if it is without basis in fact." 651 F. Supp. 2d at 176 (internal citations omitted). Here the Bank has pled with sufficient particularity that the Rating Agency Defendants issued ratings that they did not genuinely or reasonably believe. For example, the Amended Complaint alleges that the Rating Agency Defendants diluted their own standards and carried out their ratings procedures in an intentionally lax manner as to PLMBS while maintaining higher standards in other contexts. The Bank has also sufficiently pled scienter, alleging that the Rating Agency Defendants competed for business by artificially inflating ratings, as they were only paid if they provided high ratings.

The Rating Agency Defendants claim that (a) because the Bank did not seek an independent appraisal of the securities and (b) because their ratings were accompanied by cautionary language, e.g., that the ratings were not recommendations to purchase, hold, or sell securities, the Bank's reliance on the ratings was unreasonable as a matter of law. For the reasons given in Abu Dhabi I, 651 F. Supp. 2d 155, 180-81 (S.D.N.Y. 2009), and King County, Wash. v. IKB Deutsche Industriebank AG, 2013 WL 45878, at *7 (S.D.N.Y. Jan. 3, 2013), the Bank has adequately pled reasonable reliance on the ratings. Here, as in Abu Dhabi I, the Complaint alleges that:

> the market at large, including sophisticated investors, have come to rely on the accuracy of credit ratings and the independence of rating agencies . . . and . . . the rating agencies' access to non-public information that even sophisticated investors cannot obtain.

651 F. Supp. 2d at 181.

The Rating Agency Defendants further argue that under New York law, an allegation of fraud must include an allegation of loss causation. According to the defendants, the Bank fails to

adequately plead loss causation in failing to exclude the obvious non-fraud explanation for its alleged losses: the global financial crisis of 2007 and 2008. The Bank is not required to plead "that *no other possible* event could have caused" its losses. King County, Wash. v. IKB Deutsche Industriebank AG, 708 F. Supp. 2d 334, 343 (S.D.N.Y. 2010) (emphasis in original). Drawing all reasonable inferences in the Bank's favor, its allegations as to loss causation are sufficient.

The fraud claims against the Rating Agency Defendants are adequately pled.

### C. Count VI: Violation of M.G.L. Ch. 93A

Because New York law applies to the Bank's claims against the Rating Agency Defendants, the Bank has no claim under Massachusetts General Laws, Chapter 93A. See Crellin Techs., Inc. v. Equipmentlease Corp., 18 F.3d 1, 13 (1st Cir. 1994) ("[Because] the claim is governed by the substantive law of Rhode Island . . . appellant's claim under chapter 93A is not actionable.").

### D. Count VII: Negligent Misrepresentation

Under New York law, a plaintiff must allege the following to adequately state a claim for negligent misrepresentation:

> (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

Anschutz Corp. v. Merrill Lynch & Co., Inc., 690 F.3d 98, 114 (2d Cir. 2012) (internal quotation marks omitted).

In Anschutz, the Second Circuit clarified that "direct contact" is integral to the existence of a special relationship between the parties that gives rise to a duty. Id. at 115. Here the Bank

has not alleged that it had "direct contact" with either of the Rating Agency Defendants related to the ratings of the PLMBS at issue. The Bank has only alleged that it has subscriptions with the Rating Agency Defendants for various products and services unrelated to the securities ratings. In the absence of allegations of a special relationship involving direct contact, the claim for negligent misrepresentation is inadequately pled.

### III.   Conclusion

For the reasons stated herein, the Rating Agency Defendants' Motion to Dismiss (dkt. no. 209) is GRANTED as to Counts VI (93A) and VII (Negligent Misrepresentation) and DENIED as to Count V (Fraud). Counts VI and VII are dismissed as to the Rating Agency Defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge