UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10952-GAO

FEDERAL HOME LOAN BANK OF BOSTON,
Plaintiff,

v.

ALLY FINANCIAL, INC. et al.,
Defendants.

OPINION AND ORDER
September 30, 2014

O'TOOLE, D.J.

The Federal Home Loan Bank of Boston ("the Bank") alleged in its Amended Complaint that the rating agency defendants, The McGraw-Hill Companies, Standard & Poor's Financial Services, Moody's Investors Service, Inc., and Moody's Corporation, understated the risk and overstated the creditworthiness of certain Private Label Mortgage-Backed Securities ("PLMBS") sold to it. The rating agency defendants moved to dismiss for lack of personal jurisdiction. In an Order (dkt. no. 292) issued on September 30, 2013, I found that the defendants' contacts with Massachusetts were sufficiently continuous and systematic to justify the exercise of general personal jurisdiction over them. The rating agency defendants now move for reconsideration of this Order in light of a subsequent Supreme Court decision, Daimler AG v. Bauman, -- U.S. --, 134 S. Ct. 746 (2014). The plaintiff protests that Daimler is distinguishable but also argues that if this Court finds that it lacks personal jurisdiction over the rating agency defendants, the claims against them should be severed and transferred to the Southern District of New York, where personal jurisdiction over them would exist.

## I. Legal Standard

In this Circuit, "interlocutory orders from which no immediate appeal may be taken . . . 'remain open to trial court reconsideration' until the entry of judgment." Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005) (quoting Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001)). However, in light of the competing interests of "the need for finality" and "the duty to render just decisions," a motion to reconsider an interlocutory order should be granted "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Here, the rating agency defendants point to Daimler, decided January 14, 2014, as an intervening change in controlling law.

## II. General Jurisdiction

The Court's prior Order considered whether the exercise of personal jurisdiction over the defendants was proper under the Massachusetts long-arm statute and the Due Process Clause of the Constitution. I found that the defendants regularly did business in Massachusetts, satisfying the long-arm statute. M.G.L. ch. 223A, § 3(d). Further, I assessed that the plaintiff had met its burden of establishing that the defendants had "certain minimum contacts with [the State]" and, therefore, the suit did not "offend traditional notions of fair play and substantial justice." Goodyear Dunlop Tires Operations, S.A. v. Brown, -- U.S. --, 131 S. Ct. 2847, 2853 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1954)). The defendants were sufficiently "at home in the forum State," making the exercise of general jurisdiction over them proper. Id. at 2851.

Prior to the Supreme Court's decision in Daimler, an inquiry into whether general jurisdiction could be exercised over out-of-state corporate defendants hinged on the plaintiff's

ability to assert that the defendant's in-state activities were adequately substantial. See Int'l Shoe Co., 326 U.S. at 318. General jurisdiction could be found to exist where the defendant engaged in "'continuous and systematic activity, unrelated to the suit, in the forum state.'" United States v. Swiss Am. Bank, 274 F.3d 610, 618 (1st Cir. 2001) (quoting United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). In Goodyear, the Supreme Court emphasized that reliance on general jurisdiction would only be appropriate when the corporation's contacts were so "'continuous and systematic' as to render [it] essentially at home in the forum State." 131 S. Ct. at 2851 (quoting Int'l Shoe Co., 326 U.S. at 317).

> In Daimler, the Supreme Court explained that
>
> Goodyear made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. "For an individual, the paradigm forum for the exercise is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."

134 S. Ct. at 760 (quoting Goodyear, 131 S. Ct. at 2853-54) (noting that a corporation's place of incorporation and principal place of business are paradigm forums for general jurisdiction). The Supreme Court further clarified that "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping." Daimler, 134 S. Ct. at 761 (internal citation omitted).

Prior to Daimler, the inquiry under Goodyear was "whether [a] corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" Id. at 761 & n.19 (quoting Goodyear, 131 S. Ct. at 2851) ("We do not foreclose the possibility that in an exceptional case a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." (internal citation omitted)). The

3

analysis was not focused "solely on the magnitude of the defendant's in-state contacts" but was rather a holistic consideration of "a corporation's activities in their entirety, nationwide and worldwide." Daimler, 134 S. Ct. at 762 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them." Id.

The Daimler decision requires a tighter assessment of the standard than perhaps was clear from Goodyear. I agree with the rating agency defendants that under the analytical framework expressed in Daimler, it is clear that they are not subject to personal jurisdiction in Massachusetts under a general jurisdiction approach. Although they do have significant "continuous and systematic" contacts with Massachusetts, including corporate activities in Massachusetts generating significant revenue, these defendants have similarly substantial contacts with dozens of other states. They are not incorporated in Massachusetts, nor do they have their principal places of business here. There is also no indication that this is an "exceptional case" under Daimler such that general jurisdiction should be extended beyond these paradigmatic forums. Accordingly, the prior Order (dkt. no. 292) finding personal jurisdiction proper is VACATED.

### III.    Severance and Transfer

The plaintiff argues, pursuant to 28 U.S.C. § 1631 and/or § 1406(a), that the interest of justice requires that the claims against the rating agency defendants be severed and transferred, rather than dismissed.

There is little doubt of the authority of the Court to order the severance of claims and parties as a prelude to a transfer order. See Fed. R. Civ. P. 21; see also Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003).

Whether there can or should be a transfer order is a more complicated question. Several different statutes authorize the transfer of civil actions in various circumstances. Two of the more

commonly invoked are 28 U.S.C. § 1404(a) (authorizing a transfer of venue "[f]or the convenience of parties and witnesses, in the interest of justice") and § 1406(a) (authorizing transfer of a case "laying venue in the wrong district . . . to any district or division in which it could have been brought"). The former is generally regarded as a statutory formulation of the forum non conveniens doctrine; the latter is, on its face, a mechanism for correcting venue choice errors.

Despite its textual limitation to venue-related issues, however, Section 1406(a) has commonly been cited by courts as authorizing an interdistrict transfer to cure a want of personal jurisdiction over a defendant in the transferor district. See, e.g., Incline Energy, LLC v. Penna Group, LLC, 787 F. Supp. 2d 1140, 1144 (D. Nev. 2011) ("Because it furthers the purpose of judicial economy, a case may be transferred under § 1406(a) even where venue is proper but where there is no personal jurisdiction over the defendant in the transferor jurisdiction."[1]); W. Inv. Total Return Fund Ltd. v. Bremner, 762 F. Supp. 2d 339, 341 (D. Mass. 2011) (transferring case for lack of personal jurisdiction under Section 1406(a) and 28 U.S.C. § 1631 without deciding whether venue is proper); Intermor v. Walt Disney Co., 250 F. Supp. 2d 116, 121 (E.D.N.Y. 2003) (transferring action for lack of personal jurisdiction under Section 1406(a) without addressing issue of venue).

Section 1406(a) is a fallback provision for the plaintiff. In the first instance it invokes a different transfer statute, 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction,

---

[1] Incline Energy cites Goldlawr v. Heiman, 369 U.S. 463 (1962), as authority for this statement, but in that case venue was determined to have been *improper* in the original district. The case illustrates a tendency to regard § 1406 as authorizing transfer when either venue or personal jurisdiction is the defect in the original district, despite the textual reference only to venue.

5

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .

As the parties' papers reflect, there is substantial disagreement among courts about whether this provision permits transfer when *either* subject matter jurisdiction *or* personal jurisdiction is lacking, or only when subject matter jurisdiction is lacking. Compare Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1526 (10th Cir. 1987) (holding that Section 1631 is "the proper vehicle for the transfer of this action" where personal jurisdiction is lacking) with SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000) ("The Tenth Circuit has ruled that authority to transfer for lack of personal jurisdiction is provided by 28 U.S.C. § 1631, but the legislative history of section 1631 provides some reason to believe that this section authorizes transfer only to cure lack of subject matter jurisdiction." (internal citations omitted)). Adherents to the former view take essentially a textualist approach: the statutory phrase "want of jurisdiction" ordinarily indicates that jurisdiction is lacking for any reason, including for lack of jurisdiction over the person of a defendant. United States v. Am. River Transp., Inc., 150 F.R.D. 587, 591 (C.D. Ill. 1993) ("It is clear that the plain language of the provision addresses the need for a lack of jurisdiction but fails to articulate the type of jurisdiction to which it refers."). Adherents to the latter, purposivist view appeal to the legislative history and the circumstances that led Congress to enact Section 1631. McTyre v. Broward Gen. Med. Ctr., 749 F. Supp. 102, 105 (D.N.J. 1990) ("Although section 1631, on its face, makes no distinction between subject matter jurisdiction and personal jurisdiction, the legislative history indicates that the section was only intended to apply in cases where no subject matter jurisdiction exists in the transferor court."); cf. Britell v. United States, 318 F.3d 70, 73-74 (1st Cir. 2003) (taking note of legislative history of § 1631). It may be added that, given the wide range of courts referred to in Section

1631, including not only first-instance courts where issues of personal jurisdiction are primarily prominent but also appellate and administrative forums where subject matter jurisdictional issues are more common, there is some *textual* support for thinking that the statutory objective was to ameliorate a "You want the court next door" problem rather than a "We're powerless over your opponent" problem.

The First Circuit has noted the controversy but so far has expressly declined to rule definitively on it. See Alicea v. Machete Music, 744 F.3d 773, 790 n.17 (1st Cir. 2014) ( "[W]e need not address either of the two questions left unresolved in Cimon v. Gaffney, 401 F.3d 1 (1st Cir.2005): whether § 1631 'provides for transfers only where a federal court lacks subject matter jurisdiction, or whether it also applies where other types of jurisdiction are lacking, including personal jurisdiction,' and whether § 1631 permits 'the transfer of some but not all claims in an action,' so that the court could have transferred the claims against the other defendants but not the claims against the UMG defendants." (internal citations omitted)). One reason for the absence of a definitive ruling may be that a transfer order relying on Section 1631 is not immediately appealable, Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 48 (1st Cir. 2006), so that the right occasion for resolving the question directly has not yet presented itself.

Plainly the matter is not free from doubt, but on balance I side with what may be called the textualist-cum-purposivist understanding of Section 1631 – that it addresses only the want of subject matter jurisdiction – rather than the pure textualist view – that the absence of a modifier means that any want of jurisdiction is addressed. At least one of my colleagues has reached a similar conclusion. Pedzewick v. Foe, 963 F. Supp. 48, 49-50 (D. Mass. 1997). Accordingly, the plaintiff's request to have the claims against the rating agency defendants transferred under the authority of Section 1631 is DENIED.

Regarding whether Section 1406(a) authorizes a transfer under the circumstances, the parties' switch their respective adherence or opposition to a strictly textual understanding of the statute. The plaintiff asserts that although Section 1406(a) only explicitly mentions improper venue as a basis for transfer, in reality lack of personal jurisdiction is also a permissible reason. As noted above, there are cases that have taken that view. In turn, the rating agency defendants, opponents of a strictly textual reading of § 1631, now urge that only venue is mentioned in § 1406(a) and therefore only venue may be a reason for transfer. (Venue is unquestionably proper here under 28 U.S.C. § 1391(b).)

Where venue is *improper*, a case may be transferred under Section 1406(a) to a district where venue is proper notwithstanding the fact that a defendant was not subject to personal jurisdiction in the original transferor district. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). What remains uncertain, as a matter of doctrine if not practice, is whether Section 1406(a) may be a vehicle for transfer when venue is *proper* in the original district, as here – that is, where there is no venue defect calling for correction.

For these reasons, I will deny the plaintiff's motion to sever and transfer the claims against the rating agency defendants and will instead order those claims dismissed for want of personal jurisdiction over those defendants. I will further order that a separate final judgment enter as to the dismissal of the claims against those defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there being no just reason to delay and, to the contrary, a good reason to permit an immediate appeal to clarify what is as yet unclear. Finally, I state that if for some reason it were to be determined that the entry of a separate judgment under Rule 54(b) was erroneous in the circumstances, I would state my opinion that there are controlling questions of

law regarding the transfer statutes discussed herein as to which there is, as noted, a substantial difference of opinion, making an immediate appeal under 28 U.S.C. § 1292(b) appropriate.

## IV. Conclusion

For the reasons stated herein, the defendants' Motions (dkt. nos. 381, 383) for Reconsideration are GRANTED. The plaintiff's Motion (dkt. no. 385) to Sever and Transfer is DENIED. The claims against the rating agency defendants shall be DISMISSED for lack of personal jurisdiction.

Judgment of dismissal shall enter forthwith pursuant to Rule 54(b).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge