UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10952-GAO

FEDERAL HOME LOAN BANK OF BOSTON,
Plaintiff,

v.

ALLY FINANCIAL, INC., et al.,
Defendants.

ORDER
December 30, 2016

O'TOOLE, D.J.

The following pending discovery motions are resolved as follows:

1. Federal Home Loan Bank of Boston's Motion Regarding Deposition Limits (dkt. no. 534) is GRANTED IN PART. See Fed. R. Civ. P. 26(b), 30. The Bank is permitted to take twenty-seven depositions.[1] Depositions of witnesses who have already been deposed in previous related matters are limited to five hours each. The question whether depositions taken in other cases may be used as if they were taken in this action is reserved.

2. The Bank's Motion to Authorize Discovery (dkt. no. 553) is GRANTED IN PART. I conclude that the Protective Order does not prohibit the requested use of the information. The subpoenas do not disclose confidential information subject to the Protective Order or implicated by the Gramm-Leach-Bliley Act because the employer recipients of the subpoenas are already in possession of that same, non-sensitive information (i.e., the employer's name and the employee's name). The Bank is authorized to serve subpoenas

---

[1] This total includes the Impac defendants.

on the past or present employers of the 199 identified borrowers subject to the following conditions: (1) the Bank shall make reasonable efforts to provide advance notice to the borrowers of its intention to serve the subpoenas at least twenty-one days prior to service of the subpoenas on the employers; (2) all information provided by the employers in response to the subpoenas shall be treated as Protected Material under the Protective Order; and (3) the subpoenas may demand production only of the following employee material: "W-2 forms or any other tax forms filed with the Internal Revenue Service or state agencies for the period 2005 to 2007 for [employee name]". The parties shall work cooperatively to draft a mutually agreeable cover letter for the subpoenas.

3. The defendants' Motion to Enlarge Deposition Time to Permit Fair Examination of Plaintiff's Portfolio Manager Witnesses (dkt. no. 569) is GRANTED. See Fed. R. Civ. P. 30(d)(1). The defendant groups together may depose each of the two witnesses for up to three seven-hour days. The defendant groups shall coordinate to the extent possible on questioning concerning common issues.

4. The parties' Joint Motion to Modify Scheduling Order (dkt. no. 601) is GRANTED. The fact discovery deadline is extended to March 17, 2017. The Clerk shall set a status conference for April 3, 2017 at 2:00 p.m.

It is SO ORDERED.

                                                   /s/ George A. O'Toole, Jr.
                                                   United States District Judge